**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*if known*): _____ Chapter 15

☐ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| | |
|---|---|
| 1.  **Debtor's name** | FTX Digital Markets Ltd. |

2.  **Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___  –  ___ ___ ___ ___ ___ ___ ___

☑ Other 207269B_____ . Describe identifier Company Registration #_____

**For individual debtors:**

☐ Social Security number:   xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

3.  **Name of foreign representative(s)**

Brian C. Simms, Kevin G Cambridge, and Peter Greaves

4.  **Foreign proceeding in which appointment of the foreign representative(s) occurred**

In the Matter of FTX Digital Markets LTD.

5.  **Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6.  **Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____
_____

7.  **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

| Debtor | FTX Digital Markets Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

---

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

---

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

The Bahamas

**Debtor's registered office:**

Bldg. 27, Veridian Corp. Centre W Bay St.
Number        Street

P.O. Box

Nassau
City            State/Province/Region    ZIP/Postal Code

The Bahamas
Country

**Individual debtor's habitual residence:**

Number        Street

P.O. Box

City            State/Province/Region    ZIP/Postal Code

Country

**Address of foreign representative(s):**

3 Bayside Executive Park
Number        Street

P.O. Box

Nassau
City            State/Province/Region    ZIP/Postal Code

The Bahamas
Country

---

**10.  Debtor's website** (URL)

---

**11.  Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

☐ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☑ Other.  Specify:  Private Company Limited (LTD)

☐ Individual

---

| Debtor | FTX Digital Markets Ltd. | Case number *(if known)* |
|---|---|---|
| | Name | |

| 12. **Why is venue proper in *this district*?** | Check one: |
|---|---|
| | ☑ Debtor's principal place of business or principal assets in the United States are in this district. |
| | ☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district: |
| | _____. |
| | ☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because: |
| | _____. |

| 13. **Signature of foreign representative(s)** | I request relief in accordance with chapter 15 of title 11, United States Code. |
|---|---|
| | I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition. |
| | I have examined the information in this petition and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct, |

✖ _____         Brian C. Simms _____

Signature of foreign representative                Printed name

Executed on   11/15/2022
                  MM / DD / YYYY

✖ _____         _____

Signature of foreign representative                Printed name

Executed on   _____
                  MM / DD / YYYY

| 14. **Signature of attorney** | ✖ _____         Date   11/15/2022 |
|---|---|
| | Signature of Attorney for foreign representative          MM / DD / YYYY |

Warren E. Gluck _____
Printed name
HOLLAND & KNIGHT LLP _____
Firm name
31 W. 52nd Street _____
Number          Street
New York _____     NY          10019 _____
City                                        State        ZIP Code

(212) 513-3200 _____     Warren.Gluck@hklaw.com _____
Contact phone                        Email address

4701421 _____     NY _____
Bar number                            State

Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone:  212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.Desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX
Digital Markets Ltd. (in Provisional Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | | |
|---|---|---|
| | : | Chapter 15 |
| In re: | : | |
| | : | Case No. 22-_____ (___) |
| FTX DIGITAL MARKETS LTD. (in | : | |
| Provisional Liquidation) | : | |
| | : | |
| Debtor in a | : | |
| Foreign | : | |
| Proceeding.[1] | : | |
| | : | |

------------------------------------------------------------

## VERIFIED PETITION FOR RECOGNITION OF
## FOREIGN INSOLVENCY PROCEEDING AND RELATED RELIEF

Brian C. Simms, Kevin G Cambridge, and Peter Greaves  (the "**Joint Provisional**

**Liquidators**"), in their capacity as the joint provisional liquidators of FTX Digital Markets Ltd.

("**FTX Digital**"), in provisional liquidation in the Commonwealth of The Bahamas (the

"**Bahamian Liquidation**") pursuant to the Companies (Winding Up Amendment) Act 2011 (the

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

"CWUA Act"), by their undersigned United States counsel, Holland & Knight LLP, respectfully submits the Official Form Petition, this Verified Petition (together, the "**Petition**"), and the accompanying Declaration of Brian C. Simms, dated November 15, 2022 (the "**Simms Declaration**"), Supplemental Declaration of Brian C. Simms, dated November 15, 2022 (the "**Supplemental Simms Declaration**"), and the exhibits thereto, Sophia T. Rolle-Kapousouzoglou, dated November 15, 2021 (the "**STR Declaration**"), and the exhibits thereto (collectively, the "**Declarations**"), for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"):

(i)    recognizing the Bahamian Liquidation as a foreign main proceeding under 11 U.S.C. §§ 1502, 1517(a) and (b)(1), or, in the alternative, as a foreign nonmain proceeding pursuant to 11 U.S.C. § 1517(b)(2) of the Bankruptcy Code;

(ii)    appointing the Joint Provisional Liquidators as FTX Digital's foreign representatives under 11 U.S.C. §§ 101(24), 1509 and 1517(a);

(iii)    confirming that the Joint Provisional Liquidators have satisfied the requirements of 11 U.S.C. 1515;

(iv)    granting automatic relief pursuant to section 1520 of the Bankruptcy Code;

(v)    granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code as necessary, including authorizing the Joint Provisional Liquidators to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights and/or obligations of FTX Markets; and

(vi)    granting such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

FTX Digital is a Bahamian company in provisional liquidation in the Commonwealth of The Bahamas pursuant to a Petition for Winding Up Order and an Order for Appointment of Provisional Liquidator issued on November 10, 2022.   FTX Digital maintains a registered office in The Bahamas and has since its formation.  Accordingly, the center of main interests for FTX Digital is presumed to be The Bahamas under 11 U.S.C. § 1516(c).

2

As set forth below and in the Declarations, the Bahamian Liquidation is a "foreign main proceeding" under chapter 15 of the Bankruptcy Code because it is pending in The Bahamas, where FTX Digital is registered and has its center of main interests.[2] The Joint Provisional Liquidators maintain property in this District under 11 U.S.C. § 109 in the form of a retainer held in an undrawn attorney-trust account of the undersigned counsel. The Joint Provisional Liquidators are the foreign representatives of FTX Digital under 11 U.S.C. § 101(24) because they administer the assets and liabilities of FTX Digital. The Bahamian Liquidation is consistent with, and clearly not manifestly contrary to, the public policy of the United States. The discovery and other relief requested under Section 1521(a) of the Bankruptcy Code is crucial to accurately identify and protect FTX Digital's asset position in the United States, and thus to the efficient administration of its estate. Accordingly, FTX Digital respectfully requests that the Court grant recognition of the Bahamian Liquidation as a foreign main proceeding and grant related relief.

## II.  JURISDICTION, ELIGIBILITY, AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 109(a) and 1410(1) because FTX Digital's principal (and indeed only) assets in the United States are in New York. FTX Digital has an interest in funds in the amount of $15,000, deposited with Holland & Knight LLP ("**H&K**") and held by H&K in a non-interest bearing client trust account located in New York, New York (the "**H&K Retainer**"). Simms Declaration ¶ 61; *see also, e.g., In re Olinda*

---

[2] In the alternative, the Joint Provisional Liquidators submits that the Bahamian Liquidations is a "foreign nonmain proceeding" because FTX Digital maintains nontransitory economic activity in The Bahamas.

*Star Ltd.*, 614 B.R. 28, 39 (Bankr. S.D.N.Y. 2020) ("Courts in this Circuit have held that section

109(a) can be satisfied by bank accounts in the United States, including by an undrawn retainer.")

(citations omitted); *In re Ocean Rig UDW Inc.*, 570 B.R. 687, 700 (Bankr. S.D.N.Y. 2017) (finding

venue when New York counsel held a debtor's retainer in a New York account); *In re U.S. Steel*

*Can. Inc.*, 571 B.R. 600, 610 (Bankr. S.D.N.Y. 2017) ("Some courts, including this one, have held

that an undrawn retainer in a United States bank account qualifies as property in satisfaction of

section 109(a).").[3]

      3.     The statutory predicates for the relief requested are sections 105(a), 1504, 1506,

1515, 1517, 1520, and 1521 of the Bankruptcy Code.  The Joint Provisional Liquidators have

properly commenced this case pursuant to sections 1504 and 1509(a) of the Bankruptcy Code by

filing the Petition for recognition of the Bahamian Liquidation under section 1515 of the

Bankruptcy Code.

---

[3] Petitioner has examined the provisions of section 1410 of the Bankruptcy Code and has concluded that both section 1410(1) and 1410(3) of the Bankruptcy Code counsel in favor of a filing in the Southern District of New York.  *See* 28 U.S.C. §§ 1410(1), (3) (stating that a Chapter 15 bankruptcy case may be commenced, in relevant part, where the prospective debtor's principal assets are located in the United States, or "in which venue will be consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative").  First, the Foreign Debtor does not have a principal place of business in the United States.  As set forth herein, the Foreign Debtor's center of main interests, including its headquarters, is in The Bahamas.  *See infra* discussion at ¶ 27. Second, the Foreign Debtor's principal assets in the United States, in the form of a retainer held in an undrawn attorney-trust account of Holland & Knight, LLP, are located in the Southern District of New York.  *See supra* discussion at ¶ 2.  Third, a recent decision under New York Law suggests that certain digital assets have their situs in New York.  *See, e.g.*, *LCX AG v. John Does Nos. 1-25, et al.*, Index No. 154644/2022 (Sup. Ct. 2022).  Additionally, certain relevant agreements are governed by New York law, and certain counterparties of FTX Digital, and investors in FTX Digital, are located in New York.  Finally, there is currently no litigation pending by or against the Foreign Debtor anywhere in the United States (the FTX Trading and FTX Affiliates bankruptcy cases do not include FTX Digital as a debtor), so section 1410(2) is inapplicable. *See* 28 U.S.C. § 1410(2) (stating that a Chapter 15 bankruptcy case should be commenced in the district in which actions are pending against the Debtor).  It is unclear whether FTX Digital has any property in Delaware.  However, this Court has jurisdiction over this matter, as venue is not a jurisdictional issue.  *See, e.g., Town & Country Linen Corp. v. Ingenious Designs LLC*, Case No. 18-cv-5075, 2022 WL 1515120, at *10 (S.D.N.Y. May 13, 2022) (indicating that venue and jurisdiction involve separate analysis). Petitioner believes that the Southern District of New York is the appropriate venue based upon its investigation thus far.

### III.    FACTUAL BACKGROUND

#### A.    Formation, Registered Office, and Operations of FTX Digital

4.    FTX Digital was incorporated on July 22, 2021 in the Commonwealth of The Bahamas as an International Business Company, with registration number 207269B.    Simms Declaration ¶¶ 27, 28.  FTX Digital is a company within the meaning of the CWUA Act and is in provisional liquidation in the Commonwealth of The Bahamas pursuant to a Petition for Winding Up Order filed by the Securities Commission of The Bahamas and an Order for Appointment of Provisional Liquidator issued on November 10, 2022.  *Id.* ¶ 2.  On that date, FTX Digital's principal address and office was Building 27, Veridian Corporate Centre, West Bay Street, Nassau, N.P., The Bahamas.  *Id.* ¶ 28.  Two of the Joint Provisional Liquidators are also residents of the Bahamas.  *Id.* ¶¶ 7–8.

5.    FTX Digital is registered as a digital asset business under the Digital Assets and Registered Exchanges Act, 2020 (the "**DARE Act**") pursuant to Bahamas law.  *Id.* ¶ 29.  Under the DARE Act, FTX Digital is registered to provide: (i) an exchange between digital assets and fiat currency and (ii) an exchange between one or more forms of digital assets. *Id.*  It is a subsidiary of FTX Trading Ltd., a company incorporated in Antiqua and Barbuda, that filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on November 11, 2022, in the United States Bankruptcy Court for District of Delaware, along with 134 affiliate entities.[4]  *Id.* ¶¶ 14, 35. The ultimate beneficial owner of FTX Digital is Samuel Bankman-Fried. *Id.* ¶ 33.

---

[4]*In re FTX Trading Ltd.*, Case No. 22-11068, in the United States Bankruptcy Court for the District of Delaware (the "**FTX Trading Bankruptcy Case**").

**B.**   **Events Leading to the Provisional Liquidation and Appointment of the Joint Provisional Liquidators**

**1.**   **Petition for Winding Up Order**

6.      The Securities Commission of The Bahamas ("**The Bahamas Commission**"), is a regulatory body constituted pursuant to the Securities Industry Act 2011 under the law of The Bahamas. STR Declaration ¶ 9–10. In its capacity as regulator, The Bahamas Commission may apply to the Supreme Court, Commercial Division, of the Commonwealth of The Bahamas (the "**Bahamian Court**") to wind up a company under the CWUA Act, if the company is carrying on a regulated business in the Bahamas for any reason as provided under the regulatory laws or any other law: CWUA Act §§ 190(1)(d) and (4).  *Id.* ¶ 12.  On November 10, 2022, The Bahamas Commission suspended FTX Digital's license to conduct business.  *Id.* ¶ 10.  The CWUA Act § 186(4) authorizes The Bahamas Commission to petition for the winding up of a company over which it has regulatory authority and whose license has been suspended.  *Id.* ¶ 15.  Further, a winding up order may be entered if a company is unable to pay its debts as they fall due or is insolvent.  *Id.* ¶¶ 10, 19.  And, the DARE Act permits The Bahamas Commission to apply to the Bahamian Court for an order to take such action, as The Bahamas Commission considers necessary to protect the interests of clients or creditors of a regulated company.  *Id.* ¶ 16.

7.      Pending the entry of a winding up order, a provisional liquidator may be appointed when there is a prima facie case for making a winding up order under CWUA Act § 199(2)(a) and the appointment of a provisional liquidator is necessary to (i) prevent the dissipation or misuse of the company's assets, (ii) to prevent mismanagement or misconduct on the part of the company's directors; and/or (iii) it is in the public interest.  *Id.* ¶ 18.  On November 10, 2022, The Bahamas Commission filed a petition in the Bahamian Court for an order directing that FTX Digital be wound up and for the appointment of a the Provisional Liquidator.  *Id.* ¶ 10.  On the same date, the

Bahamian Court entered its Order for Appointment of Provisional Liquidator (the "**Provisional Liquidation Order**"). *Id.* ¶ 21. On November 14, 2022, the Bahamian Court entered its Order for Appointment of Joint Provisional Liquidators, appointing Messrs. Kevin G Cambridge and Peter Greaves as Joint Provisional Liquidators with Brian C. Simms. *Id.* ¶ 23.

> ### 2.    The Provisional Liquidation Order

8.    Under the CWUA Act, a provisional liquidator is authorized to take any action that he considers fit under the CWUA Act § 199(4) to maintain the value of the assets owned or managed by the company or to carry out the functions for which he was appointed. *Id.* ¶ 22. The authorized powers of a provisional liquidator are quite broad and include, for example, the power: (i)  to bring or defend any action or other legal proceeding in the name and on behalf of the company; (ii) to carry on the business of the company; (iii) to dispose of any property of the company to a person who is or was related to the company; and (iv) to sell any of the company's property by public auction or private contract. *Id.* ¶ 19.

9.   The Provisional Liquidation Order specifically provides:

2. The Provisional Liquidator is hereby authorised to take any action that he considers fit under the Companies (Winding Up Amendment) Act 2011 ("**the Act**"), section 199(4) to maintain the value of the assets owned or managed by the Company or to carry out the functions for which he was appointed including,

  a.  with the sanction of the court, those powers contained in Part I of the Fourth Schedule of the Act; and
  b.  with or without sanction the exercise of general powers specified in Part II of the Fourth Schedule of the Act.
      …

5. Until further order of this Court the Joint Provisional Liquidators are directed to take all and any necessary steps that they consider fit to protect the assets of the Company wheresoever situate including any assets held on trust by the Company.

*Id.* ¶ 22.

## IV.    BASIS FOR RELIEF

### A.    FTX Digital is Eligible for Relief under Section 109(a) of the Bankruptcy Code

10.    Foreign debtors seeking relief under chapter 15 must satisfy the debtor eligibility requirements of 11 U.S.C. § 109(a). *See Olinda Star*, 614 B.R. at 39.  Section 109(a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor" under the Bankruptcy Code.  *See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 77 F.3d 238, 246-48 (2d Cir. 2013).  Section 109(a) does not require a specific quantum of property in the United States, nor does it indicate when or for how long such property must have a United States *situs*. *See, e.g., In re Berau Capital Res. Pte Ltd.*, 540 B.R. 80, 82 (Bankr. S.D.N.Y. 2015).

11.    Courts regularly hold that attorney retainers deposited in a New York bank account satisfy the "property in the United States" eligibility requirement of section 109(a).  *See Olinda Star*, 614 B.R. at 40 (client trust account held by the debtor at law firm in New York satisfies 109(a)); *In re Foreign Econ. Indus. Bank Ltd., "Vneshprombank" Ltd.*, 607 B.R. 160, 171-72 (Bankr. S.D.N.Y. 2019) ("A foreign debtor may satisfy the section 109(a) property requirement by having a retainer."); *In re Octaviar Admin. Pty Ltd.*, 511 B.R. 361, 373-74 (Bankr. S.D.N.Y. 2014) (finding that the debtor "had property in the United States in the form of a retainer [, which] is sufficient to satisfy the requirements of section 109(a) of the Bankruptcy Code").

12.    Here, FTX Digital satisfies section 109(a) because it has property in the United States and in this district in the form of the H&K Retainer. Simms Declaration ¶ 61.  The H&K Retainer remains in the bank account and constitutes FTX Digital's property (subject to H&K's applicable rights). *Id.*

B.      **The Bahamian Liquidation Should be Recognized under Chapter 15**

13.      The Petition should be granted under Chapter 15 because: (1) it concerns a "foreign proceeding"; (2) it was commenced by the Joint Provisional Liquidators who are duly authorized "foreign representatives"; and (3) all the required supporting documentation has been filed.

1.      **Legal Standards**

14.      The Second Circuit holds that "[u]nique to the Bankruptcy Code," Chapter 15 contains a statement of purpose, which is "to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency . . . ." *In re Fairfield Sentry Ltd.*¸ 714 F.3d 127, 132 (2d Cir. 2013) (citing 11 U.S.C. § 1501(a)). Chapter 15 and the Model Law "are designed to optimize disposition of international insolvencies by facilitating appropriate access to the court system of a host country (the United States, in the case of Chapter 15) by a representative of an insolvency proceeding pending in a foreign country." *In re B.C.I. Fins. Pty Ltd.*, 583 B.R. 288, 292 (Bankr. S.D.N.Y. 2018) (citations omitted).

15.      Consequently, "Chapter 15 expresses a strong preference for providing assistance to foreign representatives in appropriate circumstances. *That congressional preference is not to be lightly disturbed.*" *In re Platinum Partners Value Arbitrage Fund L.P.*, No. 18CV5176 (DLC), 2018 WL 3207119, *4 (S.D.N.Y. June 29, 2018) (emphasis added and footnote omitted). "Chapter 15 … provides courts with broad, flexible rules to fashion relief that is appropriate to effectuate the objectives of the chapter[.]" *In re Oi S.A.*, 587 B.R. 253, 264 (Bankr. S.D.N.Y. 2018).

2.      **The Bahamian Liquidation is a "Foreign Proceeding"**

a.      A Provisional Liquidation is a "Foreign Proceeding"

16.      The Bahamian Liquidation satisfies the definition of "foreign proceeding" as required by section 1517(a)(1) of the Bankruptcy Code.  Under Section 101(23) of the Bankruptcy

Code, a "foreign proceeding" is defined as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

17.    As referenced above, the Bahamian Liquidation is an involuntary liquidation.  It is well recognized that this type of proceeding is a "foreign proceeding" as defined in 11 U.S.C. § 101(23).

18.    Further, as explained in *In re Betcorp Ltd.*[5], in the context of Chapter 15, "the word 'proceeding' requires a broader definition in order to achieve the statutory directive of interpretation consistent with the understandings and the usages of international law and the UNCITRAL Model Law."  400 B.R. at 277.  As such:

> the "essence of a 'proceeding' [is] the acts and formalities set down in law so that courts, merchants and creditors can know them in advance, and apply them evenly in practice.  In the context of corporate insolvencies, the hallmark of a 'proceeding' is a statutory framework that constrains a company's action and that regulates the final distribution of a company's assets.

*Id.* at 278.

19.    Accordingly, the Bahamian Liquidation a "proceeding" under 11 U.S.C. § 101(23). The CWUA Act establishes a comprehensive statutory framework for the winding up of a Bahamian company like FTX Digital.  It constrains a company's actions in liquidation, such as the cessation of the powers of the corporate directors, and provides broad authority for the Joint Provisional Liquidators to take actions for the benefit of stakeholders.  STR Declaration ¶ 25; *see Betcorp*, 400 B.R. at 280 ("The fact that commencing this type of external administration terminates the authority of the company's directors, combined with the fact that the winding up

---

[5] 400 B.R. 266 (Bankr. D. Nev. 2009).

cannot be stopped by the equity interest holders once they have passed the special resolution, lends

further support to a finding that this Australian legal process is a proceeding.").

20.    The CWUA Act also allows the Bahamian court to alter the powers of the Joint

Provisional Liquidators or remove and replace them.  STR Declaration ¶ 26.  And, the winding up

cannot be reversed absent court intervention.  *Id.*

    b. <u>The Bahamian Liquidation Meets the Elements of 11 U.S.C. §
101(23)</u>

21.    Courts apply seven elements to determine if 11 U.S.C. § 101(23) has been satisfied:

(1) [the existence] of a proceeding; (2) that is judicial or administrative; (3) that is collective in

nature; (4) that is in a foreign country; (5) that is authorized or conducted under a law related to

insolvency or the adjustment of debts; (6) in which the debtor's assets and affairs are subject to

the control or supervision of a foreign court; and (7) which is for the purposes of reorganization or

liquidation."  *See In re ENNIA Caribe Holding N.V.*, 594 B.R. 631, 638 (Bankr. S.D.N.Y. 2018).

22.    The Bahamian Liquidation satisfies these elements.

23.    First, for the reasons set forth above, the Bahamian Liquidation is a "proceeding."

24.    Second, the Bahamian Liquidation is a "judicial or administrative proceeding."

Many of the Joint Provisional Liquidators' tasks will be administrative in nature, *i.e.*, to carry on

the business of the company - collecting assets, convening meetings, preparing various reports,

and investigating the assets of FTX Digital.  *See* STR Declaration ¶ 26; *see also ABC Learning

Ctrs.*, 445 B.R. at 328.  The Bahamian Liquidation is also judicial in character because the

Bahamian Court maintains supervisory authority.  STR Declaration ¶¶ 22, 26 (providing until

further order to the Court, Provisional Liquidator is directed . . .); *see also ABC Learning Ctrs.*,

445 B.R. at 328  ("A winding up becomes judicial in character whenever the Australian Courts

exercises its supervisory powers.").

11

25.     Third, the FTX Liquidation is "collective in nature."  This factor is typically evaluated in the context of the benefits granted to creditors, but the court can also examine "the law governing the foreign action and the parameters of the particular proceeding[.]"  *In re PT Bakrie Telecom TBk*, 601 B.R. 707, 720 (Bankr. S.D.N.Y. 2019) (quoting *In re Ashapura Minechem Ltd.*, 480 B.R. 129, 136-37 (S.D.N.Y. 2014)).  Here, the CWUA Act grants the Joint Provisional Liquidators the power, with the sanction of the Court, to pay any class of creditors in full.  STR Declaration ¶ 27.  And, one purpose of the appointment of the Joint Provisional Liquidators was "to protect the interests of investors and creditors of FTX Digital. . . ." *Id.* ¶ 27.

26.     Notably, the Third Circuit in *ABC Learning* held that the Australian foreign proceeding was collective even though the foreign representative had no assets to distribute to creditors.  *See* 728 F.3d at 309.   In this case, FTX Digital has assets as a registered digital asset business, and the Joint Provisional Liquidators are acting for the benefit of creditors. STR Declaration ¶ 27.

27.     Fourth, the Bahamian Liquidation is occurring in The Bahamas, a foreign country.  FTX Digital is a Bahamian company and maintains a registered office there.  *Id.* ¶ 38.  The Bahamian Liquidation operates under Bahamian law and is governed by the CWUA Act.  *Id.* ¶ 28.  Two of the Joint Provisional Liquidators are residents of The Bahamas. Simms  Declaration ¶¶ 7– 8.  And, the Bahamian Court holds supervisory authority over the Bahamian Liquidation.  STR Declaration ¶ 28; see *also, e.g., ABC Learning Ctrs.*, 445 B.R. at 330; *Manley Toys*, 580 B.R. at 643.

28.     Fifth, the Bahamian Liquidation proceeds under the auspices of the CWUA Act, which is a statutory scheme "relating to insolvency or adjustment of debt" pursuant to 11 U.S.C. § 101(23).  In other words, the proceeding "must be authorized by a statute that deals with

corporate insolvency or the adjustment of corporate debts.  Here, one of the bases for the winding

up and the appointment of the Joint Provisional Liquidators under the CWUA Act is the asserted

insolvency of FTX Digital.  STR Declaration ¶ 29.  The CWUA Act authorizes the entry of a

winding up order, the appointment of a provisional liquidator, and outlines the provisional

liquidator's powers and responsibilities for the benefit of stakeholders on account of a company's

insolvency.  *Id.* ¶ 29. And, the provisional nature of the liquidation changes upon the entry of a

winding up order.  *Id.*; *see Ashapura*, 480 B.R. at 144 (the ability to "alternate between various

remedial measures" is emblematic of satisfaction of this factor); *Betcorp*, 400 B.R. at 282 (noting

that "the statutory ability to shift among various forms of dissolution given changing

circumstances, demonstrate[s] that winding up is achieved under a law relating to insolvency or

the adjustment of debts").

29.    As the Southern District of New York has explained,

> Supervision or control of the company's affairs is not a demanding standard.  The
> foreign court need not control the day-to-day operations with the debtor.  It is
> sufficient, for instance, that the body monitor compliance with the repayment plan
> negotiated by the debtors and creditors … the fact that actions in a foreign court
> related to the proceeding are typically imitated by interested parties and that
> liquidators proceed with most of their duties without court involvement was found
> 'not [to] undermine the … court['s] supervisory role.

*Ashapura*, 480 B.R. at 138 (quoting *ABC Learning Ctrs.*, 445 B.R. at 332).

30.    The provisions of the CWUA Act and terms of the Provisional Liquidation Order

clearly illustrate that the Bahamian Liquidation is under the supervision of the Bahamian Court,

notwithstanding the powers granted to the Joint Provisional Liquidators.  The Provisional

Liquidation Order permits the Court to alter the power granted to the Joint Provisional Liquidators,

and limits the powers of directors and management.  STR Declaration ¶ 30; *see ABC Learning

Ctrs.*, 445 B.R. at 331 (Removal and replacement of director is evidence of court supervision.).

31.     Finally, the Bahamian Liquidation exists "for the purpose of reorganization or liquidation." The express purposes of the CWUA Act is to permit and facilitate liquidation. STR Declaration ¶ 31; *see Cell C*, 571 B.R. at 553; *ABC Learning Ctrs.*, 445 B.R. at 332. The Petition for Winding Up Order commenced the process of liquidation. *See* STR Declaration ¶ 11; Simms Declaration ¶ 57.

32.     For these reasons, the Bahamian Liquidation is a "foreign proceeding" in satisfaction of 11 U.S.C. § 1517(a)(1).

### 3.     The Joint Provisional Liquidators are the "Foreign Representatives" of FTX Digital

33.     A chapter 15 case is commenced by the filing of a petition by a "foreign representative." *See* 11 U.S.C. § 1515(a). The Bankruptcy Code defines a "foreign representative" as "a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).[6]

34.     The requirement that a foreign representative be authorized in a foreign proceeding is "not an onerous one." *PT Bakrie*, 601 B.R. at 717. Section 101(24) does not require that the foreign representative be appointed by a "foreign tribunal." *See Cell C*, 571 B.R. at 550.

35.     The Provisional Liquidation Order specifically gave the Liquidator authority over FTX Digital's assets and, with sanction of the Court, the power to pay creditors. STR Declaration ¶ 35; *see Cell C*, 571 B.R. at 553 (person appointed by resolution is a foreign representative); *In re OAS S.A.*, 533 B.R. 83, 98-100 (Bankr. S.D.N.Y. 2015) (appointing foreign representative by board resolution that conferred authority to administer assets and liabilities). The Joint Provisional

---

[6] The "foreign representative" can be an individual. *See Ascot Fund*¸ 603 B.R. at 278 (citing 11 U.S.C. § 101(41)).

Liquidators are the representatives of FTX Digital authorized to act under the Bahamian Court's

order to carry out the powers under the CWUA Act.  STR Declaration ¶ 35.

36.     The Joint Provisional Liquidators are thus proper "foreign representatives" within

the meaning of section 101(24) with respect to FTX Digital, and section 1517(a)(2) is satisfied.

### 4.     The Joint Provisional Liquidators Properly Filed this Case

37.     The Joint Provisional Liquidators duly and properly filed this proceeding as

required by section 1504 of the Bankruptcy Code by filing the petition pursuant to 11 U.S.C. §

1515(a).

38.     The Petition was accompanied by all documents required by subsections 1515(b)

and 1515(c), including the Provisional Liquidation Order, and the Federal Rules of Bankruptcy

Procedure.  *See Olinda Star*, 614 B.R. at 45.

39.     Accordingly, the Joint Provisional Liquidators satisfied the requirements set forth

in section 1515 of the Bankruptcy Code and the Bankruptcy Rules.  This Chapter 15 case has been

properly commenced.

### C.     The Bahamian Liquidation is a "Foreign Main Proceeding."

40.     Section 1517(b)(1) of the Bankruptcy Code provides that a foreign proceeding shall

be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has

its center of main interests ("**COMI**") as of the date of the petition for recognition.  11 U.S.C. §

1502(4); *see also Fairfield Sentry*, 714 F.3d at 127.  A debtor has only one COMI.  *See In re

Millennium Glob. Emerging Credit Master Fund Ltd.*, 458 B.R. 63, 79 (Bankr. S.D.N.Y 2011)

("[E]very entity has a center of main interests.").

41.     Courts in this district have developed a list of non-exclusive, but "widely adopted"

factors that may be considered when determining COMI:

(1) the location of the debtor's headquarters; (2) the location of those who actually
manage the debtor; (3) the location of the debtor's primary assets; (4) the location
of the debtor's creditors or of a majority of the creditors who would be affected by
the case; and/or (5) the jurisdiction whose law would apply to most disputes.

*Olinda Star*, 614 B.R. at 41 (citation omitted); *see also In re Serviços de Petróleo Constellation
S.A.*, 600 B.R. 237, 272-73 (Bankr. S.D.N.Y. 2019).  The Second Circuit has also emphasized the
importance of criteria that are both objective and ascertainable to third parties to determine a
debtor's COMI.  *See Fairfield Sentry*, 714 F.3d at 136-37.  An objective determination of COMI
results from an examination of factors "in the public domain."  *Id.* at 137 (citation omitted).

42.     Absent evidence to the contrary, a debtor's registered office is presumed to be its
COMI.  11 U.S.C. § 1516(c).  The legislative history indicates that this presumption was "designed
to make recognition as simple and expedient as possible" in cases, as here, where COMI is not
controversial.  H. Rep. 109-31 pt. 1, at 112-13 (2005).  When determining a debtor's COMI, the
Bankruptcy Code provides "considerable but not complete discretion."  *Serviços de Petróleo*, 600
B.R. at 278 (citation omitted).

43.     FTX Digital is incorporated under the laws of The Bahamas, and since its
incorporation, maintained a registered office in The Bahamas, creating a presumption that The
Bahamas is its center of main interests.  Simms Declaration ¶¶ 1, 27; 11 U.S.C. § 1516(c).  The
registered office presumption is not rebutted, but rather confirmed, on the facts of this case.

44.     It is objectively ascertainable by third parties that the COMI of FTX Digital is The
Bahamas.  FTX Digital's operations are directed from the Bahamas.   Simms Declaration ¶¶ 33,
43.

45.     Further, two of the Joint Provisional Liquidators are residents of The Bahamas.  *Id.*
¶¶ 7–8; *see, e.g., Betcorp*, 400 B.R. at 292 (finding COMI in Australia "[t]he location of those that
manage Betcorp -- the liquidators" were located); *Ascot Fund*, 603 B.R. at 280 (factor supports a

COMI finding of the Cayman Islands when the "JOLs are based in the Cayman Islands … and they, along with their staff … have directed and conducted the [debtor's] liquidation in the Cayman Islands").

46.     With respect to FTX Digital's assets, it is a registered digital asset business.  Simms Declaration ¶ 29.  Its business involves effecting exchanges between digital assets and fiat currency and exchanges between one or more forms of digital assets.  *Id.*  Digital assets, which exist and are transacted on a digital ledger also known as a blockchain, have unique features that include attributes of bearer instruments.  *Id.* ¶ 29.  To the extent a customer or account holder has control over a wallet's private key, the account holder can conduct immutable transactions of the digital assets held within the wallet. *Id.* ¶ 18.  However, commercial exchanges often store its customers' digital currencies in pooled wallets, wherein the customer does not have control over the pooled wallet's private key; rather, the customer's assets are recorded on internal ledgers external to the blockchain.  *Id.* ¶¶ 21, 24. In these circumstances, customers can conduct transactions only via requests to the commercial exchange.  *Id.* ¶ 24.  The assets on an exchange can be removed from the exchange much like cash can be withdrawn from a traditional bank account – however, in this case, from a digital wallet. *See id.* ¶ 24;  *see also Ascot Fund*, 603 B.R. at 285 (rejecting the argument that the location of the asset is the "key piece of evidence 'ascertainable by third parties.'"); *Ocean Rig*, 570 B.R. at 704 (although existence of assets outside the jurisdiction of liquidation "complicated" the analysis, the prevailing evidence was that the liquidators "have engaged in various activities supporting their COMI in the Cayman Islands for a year").

47.     At a minimum, FTX Digital's creditors include all account holders with assets stored in the exchange's custodial wallets.   Simms Declaration ¶ 60.   And, there are likely additional creditors that have not yet been fully identified. *See id.*

48.     Finally, by virtue of its incorporation in The Bahamas, FTX Digital is subject to Bahamian laws, regulations, and its jurisdiction, including with respect to disputes.  *See Olinda Star*, 614 B.R. at 43-44.  Specifically, the Bahamian Liquidation is conducted pursuant to the CWUA Act, meaning that Bahamian law would apply to most disputes.  *See Betcorp*, 400 B.R. at 292 ("The voluntary winding up is being conducted pursuant to the Australian [insolvency laws] and therefore this is the law that would apply to most disputes.").  Even if FTX Digital is subject to the laws of other jurisdictions, this does not necessarily weigh against a finding of COMI in The Bahamas.  *See Olinda Star*, 614 B.R. at 43-44 (weighing this factor in favor of debtor even if "it may be subject to other regulatory regimes").

### D.      Alternatively, the Bahamian Liquidation is a Foreign Nonmain Proceeding

49.     Although the Joint Provisional Liquidators submit that the Bahamian Liquidation is a "foreign main proceeding," in the alternative, the Joint Provisional Liquidators seek recognition of the Bahamian Liquidation as a "foreign nonmain proceeding."  Courts will recognize a foreign proceeding as a "foreign nonmain proceeding" if "the debtor has an establishment within the meaning of section 1502 in the foreign country where the proceeding is pending."  11 U.S.C. § 1517(b)(2).  "Establishment" is defined in Chapter 15 as "any place of operations where the debtor carries out a nontransitory economic activity."  11 U.S.C. § 1502(5); *see Serviços de Petróleo*, 600 B.R. at 277 ("[T]he foreign debtor must establish a degree of stable connections with the jurisdiction to constitute a nontransitory 'establishment.'").  Courts require proof of more than a "mail-drop presence."  *Id.*

50.     Several factors "contribute to identify an establishment: the economic impact of the debtor's operations on the market, the maintenance of a 'minimum level of organization' for period of time, and the objective appearance to creditors whether the debtor has a local presence."

18

*Millennium Glob.*, 458 B.R. at 85.  A "local effect on the marketplace" is evidenced by, among

other things, engagement of local counsel.  *Id.* at 86-87.  At least one court holds that the presence

of the liquidators is relevant to the determination of whether the debtor has an establishment in

that location.  *Id.* at 86.

51.    In this case, The Bahamas is not merely a letter-box jurisdiction for FTX Digital.

Its liquidation is centralized in The Bahamas, where two of the Joint Provisional Liquidators

reside.  The situs–the power to transfer the digital assets held by the exchange–is centralized in

The Bahamas.  Simms Declaration ¶ 43.   Further, with a registered and principal address in The

Bahamas, this supports a finding of the "establishment" in The Bahamas.

52.    For these reasons, in the event the Court concludes that the Bahamian Liquidation

is not a foreign main proceeding, the Bahamian Liquidation should be recognized as a foreign

nonmain proceeding.

### E.    **The Requested Relief Accords with the Bankruptcy Code and U.S. Public Policy**

53.    A bankruptcy court may refuse to grant recognition under chapter 15 if the action

"would be manifestly contrary to the public policy of the United States."  11 U.S.C. § 1506; *see*

*also Fairfield Sentry*, 714 F.3d at 139 ("[T]he word 'manifestly' in international usage restricts the

public policy exception to the *most fundamental policies of the United States*.") (emphasis in

original).   Courts "interpret this exception as a narrow one that should be applied sparingly."

*ENNIA Caribe*, 594 B.R. at 640 (citation omitted).  The proper focus is on whether a foreign

proceeding violates "fundamental standards" of procedural "fairness."  *In re Metcalfe & Mansfield*

*Alt. Invs.*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010).

54.    The Bahamian Liquidation is clearly not "manifestly contrary to the public policy

of the United States."   The CWUA Act is consistent with approaches to liquidation in other

countries, including with respect to the power to dispose of property, compromise claims and pay

creditor classes. *See also ENNIA Caribe*, 594 B.R. at 640-41 (rejecting "due process concerns" in

part because of a "variety of legal procedures" permitted to challenge the foreign proceeding);

*ABC Learning Ctrs.*, 728 F.3d at 310 (*pro rata* distribution among levels of priority emblematic

of a foreign proceeding that does not violate United States public policy).

55.   Indeed, recognizing the Bahamian Liquidation will assist the orderly administration

of FTX Digital's liquidation, consistent with the public policy of the United States that the

Bankruptcy Code embodies.

## V.   THE COURT SHOULD GRANT THE JOINT PROVISIONAL LIQUIDATORS' REQUEST FOR DISCRETIONARY RELIEF PURSUANT TO SECTION 1521 THE BANKRUPTCY CODE

56.   Section 1521(a) provides in relevant part that "[u]pon recognition of a foreign

proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter

and to protect the assets of the debtor or the interests of the creditors, the court may, at the request

of the foreign representative, grant any appropriate relief including . . . (4) providing for the

examination of witnesses, the taking of evidence or the delivery of information concerning the

debtor's assets, affairs, rights, obligations or liabilities[.]" *See In re Inversora Eléctrica de Buenos*

*Aires*, 560 B.R. 650, 655 (Bankr. S.D.N.Y. 2016) (in the context of section 1521(a), the

"Bankruptcy Code confers exceedingly broad discretion … that would further the purposes of

chapter 15 and protect the debtor's assets and the interests of creditors"); *see also Millennium*

*Glob.*, 471 B.R. at 346 (citation and footnote omitted) ("Section 1521(a)(4) provides specifically

that the Court may enter an order providing for 'the taking of evidence or the delivery of

information concerning the debtor's assets, affairs, rights, obligations or liabilities.' … By its

terms, this provision enables a Foreign Representative to take broad discovery concerning the property and affairs of a debtor.").[7]

57.    Courts have recognized that the scope of discovery sought via 11 U.S.C. § 1521(a)(4) is particularly broad when the foreign representative is "gathering information which will enable them to comply with their duties."  *Id.* at 390 (quoting *In re Platinum Partners Value Arbitrage Fund L.P.*, 583 B.R. 803, 821 (Bankr. S.D.N.Y. 2018)).[8]

58.    Pursuant to section 1507, the Court may also grant discretionary relief to provide additional assistance beyond that permitted under section 1521 to a foreign representative.  11 U.S.C. § 1507(a).  In exercising discretion to grant relief under this section, courts are guided by the standards set forth in section 1507(b), which provides that a court:

> [i]n determining whether to provide additional assistance ... shall consider whether such additional assistance, consistent with the principles of comity, will reasonably assure—(1) just treatment of all holders of claims against or interests in the debtor's property; (2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding; (3) prevention of preferential or fraudulent dispositions of property of the debtor; (4) distribution of proceeds of the debtor's property substantially in accordance with the order prescribed by this title; and (5) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.[9]

---

[7] A foreign nonmain proceeding can be "granted nearly identical relief as the relief provided to a main proceeding." *Id.* at 272.

[8] Discovery sought via 11 U.S.C. § 1521(a)(4) is "not limited to documents in the United States.  Permissible discovery extends to documents in the possession, custody or control of a party, including documents held by a party's attorneys or agents" and the court "may order the production of documents from outside the United States."  *See In re Markus¸* 607 B.R. 379, 389-390 (Bankr. S.D.N.Y. 2019), *vacated sub nom. in part on other grounds*, *Markus v. Rozhkov*, 615 B.R. 679 (Bankr. S.D.N.Y. Apr. 3, 2020).  To that end, "[b]y its nature, chapter 15 involves parties located outside the United States.  Absent some express language in chapter 15 of any geographical limitation on the scope of discovery, there is no basis for [a bankruptcy court] … to impose such a limitation."  *Id.* at 390.

[9] Courts in this District have indicated that the "interplay between the relief available under sections 1507 and 1521 is far from clear."  *Olinda Star*, 614 B.R. at 46 (quoting *In re Acanti Comm'cns Grp.*, 682 B.R. 603, 615-16 (Bankr. S.D.N.Y. 2018)).  The Fifth Circuit held that a court must "first consider the specific relief enumerated under § 1521(a) and (b).  If the relief is explicitly provided for there, a court should then consider … § 1521's grant of any appropriate relief … [which is] relief previously available under Chapter 15's predecessor, § 304.  Only if a court determines that the requested relief was not formerly available under § 304 should a court consider whether relief would be appropriate as "additional assistance" under § 1507."  *In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1054.

59.    Additionally, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary to carry out the provisions of this title."

60.    "In deciding whether to grant appropriate relief or additional assistance under chapter 15, courts are guided by principles of comity and cooperation with foreign courts." *Avanti*, 582 B.R. at 616.

61.    As set forth in the Declarations and in the *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. § 105(a), 1519, and 1521* (the "**Provisional Relief Motion**"), filed contemporaneously herewith, the immediate grant of the authority described in this Section V on a provisional basis pursuant to section 1519(a) of the Bankruptcy Code aids in the prevention of irreparable harm to FTX Digital and the enablement of the Joint Provisional Liquidators to carry out their duties under the CWUA Act, in connection with the Joint Provisional Liquidators' ongoing attempts to obtain information regarding FTX Digital's assets.  To that end, the Joint Provisional Liquidators will likely need to conduct discovery in the FTX Trading Bankruptcy Case in order to determine whether they hold claims against its affiliates based on intercompany transfers of digital assets.  Simms Declaration ¶ 68.  Further, the Joint Provisional Liquidators will need to conduct discovery regarding insider transactions relating to the business' cash and digital assets, and will need to access information relating to U.S. Dollar-denominated wire and fund transfers maintained by correspondent or intermediary banks.  *See id.* ¶¶ 67–68.

62.    Given this, and pursuant to the authority of the Provisional Liquidation Order, the Joint Provisional Liquidators determined that filing this Petition is in the best interests of FTX Digital, and necessary to enable the Joint Provisional Liquidators to obtain discovery in order to accurately identify and protect assets in the United States.

22

63.    Accordingly, in light of the aim of chapter 15 to "optimize disposition of international insolvencies" by providing foreign representatives appropriate access to the U.S. court system, *see B.C.I. Fins. Pty Ltd.*, 583 B.R. at 292, and the clear, ongoing risk of diminution in value and/or diversion of FTX Digital's assets in the United States, the Joint Provisional Liquidators respectfully submit that the requested discovery authority is appropriate and necessary "to effectuate the purposes of [chapter 15] and to protect the assets of the debtor." 11 U.S.C. § 1521(a)(4).

64.    Moreover, relief under section 1521(a) may be granted if the interests of "the creditors and the other interested entities, including the debtor, are sufficiently protected." 11 U.S.C. § 1522(a).   While the Bankruptcy Code does not provide a definition of "sufficient protection," the legislative history of section 1522 suggests that this requirement is meant to prevent the rights of United States creditors of the foreign debtor from being "seriously and unjustifiably injur[ed]." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 116 (2005).  As such, courts have "great leeway" in determining whether the rights of all relevant parties are "sufficiently protected" and will generally consider a balancing of competing interests. *See In re Toft*, 453 B.R. 186, 196 n.11 (Bankr. S.D.N.Y. 2011) ("[A] court should tailor relief balancing the interest of the foreign representative and those affected by the relief.").

65.    The Joint Provisional Liquidators submit that all parties in interest are sufficiently protected here, because the requested relief pertains to information directly bearing upon the Debtor's assets and interests in the United States, which are central to the administration of the Bahamian Liquidation.

66.    Further, as noted above and as set forth in the STR Declaration and the Simms Declaration, the Joint Provisional Liquidators seek discovery authority in order to issue subpoenas

for asset-tracing purposes, concerning, *inter alia*, accurately tracing and re-creating the flow of digital assets and funds pertaining to wire transfer transactions denominated in U.S. Dollars processed by the IBD Subjects.   Simms Declaration ¶ 67.

67.    To that end, this Court routinely orders similar relief pursuant to section 1521(a)(4), including specifically for the wire transfer and account information.  *See id.*; *see also, e.g.*, *Platinum Partners*, 583 B.R. at 811 (authorizing discovery in support of liquidation of Cayman Islands-based funds because its auditors had a "unique set of documents and analyses concerning the Funds' assets, liabilities and financial affairs which would assist the liquidators' investigation and understanding of the Funds' affairs for the two years immediately prior to the Funds' liquidations"); *In re Frontera Caucasus Corp.*, No. 19-13418-mew (Bankr. S.D.N.Y. 2019) (recognizing Cayman Islands proceeding as a foreign main proceeding and authorizing issuance of subpoenas concerning suspect transfers and transactions to debtor's accountants and executives); *In re Archetype Investments Fund SPC Ltd.*, No. 19-11996-shl (Bankr. S.D.N.Y. 2019) (recognizing British Virgin Islands liquidation as a foreign main proceeding and authorizing issuance of subpoenas to New York Banks); *In re Pinnacle Glob. Partners Fund I Ltd.*, No. 19-11573-rg (Bankr. S.D.N.Y. 2019) (recognizing Cayman Islands liquidation as a foreign main proceeding and authorizing issuance of subpoenas to New York Banks); *In re HiTs Africa Ltd.*, No. 18-11822-mew (Bankr. S.D.N.Y. 2018) (same).

68.    As such, the Joint Provisional Liquidators submit that the additional relief requested under section 1521(a)(4) authorizing them to examine witnesses, take evidence and obtain information concerning the Debtor's assets, affairs, rights, obligations and/or liabilities, is necessary and warranted under the circumstances.

## VI.    REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(a)

69.     It is respectfully requested that this Court waive and dispense with the requirement

set forth in Rule 9013-l(a) of the Local Rules for the United States Bankruptcy Court for the

Southern District of New York that any motion filed shall be accompanied by a memorandum of

law on the grounds that the relevant authorities in support of the Petition are contained herein.

## VII.    HEARING DATES AND NOTICES

70.     Section 1517(c) of the Bankruptcy Code requires that "[A] petition for recognition

of a foreign proceeding shall be decided upon at the earliest possible time."  Bankruptcy Rule 2002

sets forth a twenty-one day notice requirement to parties in interest with certain exceptions to

approve the Petition.  If no objections to this Petition are filed by the date ordered for such

objections, the Joint Provisional Liquidators request that the Court enter the proposed order

recognizing the Bahamian Liquidation as a foreign main proceeding without a hearing pursuant to

Local Rule 2002-2; however, the Joint Provisional Liquidators and counsel are of course willing

to appear and will be prepared to answer any questions that the Court may have.

71.     Subsection (q)(1) of Rule 2002 governs notice of a petition for recognition of a

foreign proceeding.  Contemporaneously herewith, the Debtor has filed the *Motion for Order

Specifying Form and Manner of Service of Notice*.  The Joint Provisional Liquidators propose to

provide service and notice of this Petition in accordance with Fed. R. Bankr. P. 2002(q), and  the

procedures and deadlines specified in the proposed *Order Specifying Form and Manner of Service

and Notice*, which the Joint Provisional Liquidators respectfully submit constitutes sufficient

service and notice of this Petition.

72.     No previous application for the relief requested in this Petition has been made in

this or any other court in the United States.

25

## CONCLUSION

WHEREFORE, the Joint Provisional Liquidators respectfully request that this Court enter

an Order, substantially in the form of Exhibit 1 to this Petition, granting the relief requested herein

and such other and further relief as may be just and proper.

Dated: November 15, 2022
      New York, New York

                HOLLAND & KNIGHT LLP


                /s/ *Warren E. Gluck*_____
                Warren E. Gluck, Esq.
                Marie E. Larsen, Esq.
                David W. Wirt (*Pro Hac Vice* Pending)
                Jessica Magee (*Pro Hac Vice* Pending)
                Shardul Desai (*Pro Hac Vice* Pending)
                HOLLAND & KNIGHT LLP
                31 W. 52nd Street
                New York, NY 10019
                Telephone:  212-513-3200
                Fax: 212-385-9010
                Warren.Gluck@hklaw.com
                Marie.Larsen@hklaw.com
                David.Wirt@hklaw.com
                Jessica.Magee@hklaw.com
                Sardul.Desai@hklaw.com

                *Counsel for the Joint Provisional Liquidators of FTX*
                *Digital Markets Ltd. (in Provisional Liquidation)*

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 1746, Brian C. Simms declares as follows:

I am a duly appointed Joint Provisional Liquidator of FTX Digital Markets Ltd. (in Provisional Liquidation), which is in provisional liquidation pursuant to the Companies (Winding Up Amendment) Act 2011. I have full authority to verify the foregoing *Verified Petition for Recognition of Foreign Insolvency Proceeding and Related Relief* (the "**Verified Petition**"). I have read the Verified Petition, and I am informed, and believe that the allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __15___ day of November, 2022 in __The Bahamas_____.

_____
Brian C. Simms, in his capacity as Joint Provisional Liquidator of FTX Digital Markets, Ltd. (in Provisional Liquidation)