# EXHIBIT 1:

# [Proposed] Order

Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone: 212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Sardul.Desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd. (in Provisional Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| FTX DIGITAL MARKETS LTD. (in Provisional Liquidation) | Case No. 22-_____ (___) |
| Debtor in a Foreign Proceeding.[1] | |

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF**

This matter was brought before the Court by Brian C. Simms, Kevin G Cambridge, and Peter Greaves (the "**Joint Provisional Liquidators**"), in their capacities as the joint provisional liquidators of FTX Digital Markets Ltd. ("**FTX Digital**"), in provisional liquidation in the

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

1

Commonwealth of The Bahamas (the "**Bahamian Liquidation**") pursuant to the Companies (Winding Up Amendment) Act, 2011 (the "**CWUA Act**").

The Joint Provisional Liquidators filed a *Verified Petition for Recognition of Foreign Main Proceeding and Certain Related Relief* (together with the Official Form Petition, the "**Petition**"), on November 15, 2022, commencing the Chapter 15 case under chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**"), for entry of an Order (this "**Order**") pursuant to sections 105(a), 1504, 1507, 1515, 1517, 1520 and 1521 of title 11 of the Bankruptcy Code, granting, among other things, (a) recognition of the Bahamian Liquidation as a "foreign main proceeding" under 11 U.S.C. § 1517(b)(1), or in the alternative, as a "foreign nonmain proceeding" under 11 U.S.C.§ 1517(b)(2); (b) recognition of the Joint Provisional Liquidators as the "foreign representatives" of FTX Digital, as defined in 11 U.S.C. § 101(24) of the Bankruptcy Code, in respect of the Bahamian Liquidation, and entrusting them with administration of FTX Digital's assets within the territorial jurisdiction of the United States; (c) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code as necessary, including authorizing the Joint Provisional Liquidators to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights and/or obligations of FTX Digital; and (d) such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Petition in this District is proper pursuant to 28 U.S.C. § 1410; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that adequate and proper notice of the Petition has been given, and no other or further notice need be given; and a hearing having been held on _____, 2022 to consider the relief requested in the Petition; and no

2

objections or other responses having been filed that have not been overruled, withdrawn, or otherwise resolved; and upon consideration of the Simms Declaration,[2] STR Declaration, and the exhibits attached thereto, each filed on November 15, 2022 (collectively, the "**Supporting Documents**"); and upon the record of the hearing and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Petition is in the best interest of FTX Digital and all parties in interest; and that the legal and factual bases in the Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, accordingly the Court hereby **FINDS AND CONCLUDES THAT**:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. § 1501, and the Amended Standing Order of Reference Dated January 31, 2012, Reference M-431, *In re Standing Order of Reference* Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012).

    B.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper in this district pursuant to 28 U.S.C. § 1410.

    D.    FTX Digital has property within this District, and, therefore, is eligible to be a debtor in a chapter 15 case pursuant to 11 U.S.C. §§ 109 and 1501.

    E.    The Joint Provisional Liquidators properly commenced this case pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

    F.    The Petition satisfies the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

    G.    The Bahamian Liquidation is a proceeding as defined in 11 U.S.C. § 101(23) and pursuant to 11 U.S.C. § 1517(a).

---

[2] All capitalized terms not otherwise defined shall have the meanings ascribed to them in the Petition.

H. The Bahamian Liquidation is pending in the Commonwealth of The Bahamas, where FTX Digital's center of main interests is located, and as such, the Bahamian Liquidation is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1).

I. In the alternative, the Bahamian Liquidation occurs in The Bahamas where FTX Digital maintains an "establishment" and carries out nontransitory economic activity, and as such, is entitled to recognition as a "foreign nonmain proceeding," pursuant to 11 U.S.C. §§ 1502(2), 1502(5), and 1517(b)(2).

J. The Bahamian Liquidation is governed in accordance with applicable Bahamas law, including the CWUA Act, as it may be amended from time to time, and is subject to the supervision of a Bahamian Court, and is entitled to recognition by this Court pursuant to 11 U.S.C. §§ 1515 and 1517(a).

K. The Joint Provisional Liquidators are the duly appointed foreign representatives of FTX Digital pursuant to 11 U.S.C. § 101(24).

L. FTX Digital and the Joint Provisional Liquidators are entitled to all of the relief set forth herein under 11 U.S.C. §§ 1507 and 1521.

M. The relief granted hereby is necessary and appropriate to effectuate the purposes of chapter 15 of the Bankruptcy Code, is in the interests of the public and international comity, is not manifestly contrary to the public policy of the United States, and is warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

N. Appropriate notice of the filing of, and the hearing on, the Petition was given, for which notice was deemed adequate for all purposes, and no further notice need be given.

For all of the foregoing reasons, and after due deliberation and sufficient case appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.  The Petition and requested relief therein is granted.

2.  The Bahamian Liquidation is granted recognition as a foreign proceeding as defined in 11 U.S.C. §§ 101(23) and pursuant to 11 U.S.C. § 1517(a).

3.  The Bahamian Liquidation is a court-supervised proceeding governed in accordance with applicable Bahamas law, including the CWUA Act, as it may be amended from time to time, and is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1), and is entitled to the protections of 11 U.S.C. § 1520(a).

4.  In the alternative, the Bahamian Liquidation occurs in The Bahamas where FTX Digital maintains an "establishment" and carries out nontransitory economic activity, and as such, is entitled to recognition as a "foreign nonmain proceeding," pursuant to 11 U.S.C. §§ 1502(2), 1502(5), and 1517(b)(2).

5.  Brian C. Simms, Kevin G Cambridge, and Peter Greaves are the duly appointed foreign representatives of FTX Digital pursuant to 11 U.S.C. § 101(24).

6.  All relief afforded foreign main proceedings, or in the alternative, foreign nonmain proceedings, pursuant to 11 U.S.C. § 1520 is hereby granted.

7.  All persons and entities (other than the Joint Provisional Liquidators and their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

(1)   executing against the property or assets of FTX Digital;

(2)   taking or continuing any act to obtain possession of, or exercise control over, the Joint Provisional Liquidators (with respect to FTX Digital), FTX Digital, or any of its property or assets;

(3) taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Joint Provisional Liquidators (with respect to FTX Digital), FTX Digital, or any of its property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to FTX Digital or any of its property or assets; and

(4) transferring, relinquishing or disposing of any property of FTX Digital to any person or entity other than the Joint Provisional Liquidators.

8. The administration, realization, and distribution of all or part of the assets of FTX Digital within the territorial jurisdiction of the United States are entrusted to the Joint Provisional Liquidators, and the Joint Provisional Liquidators are appointed as the exclusive representatives of FTX Digital pursuant to sections 1521(a) and 1521(b) of the Bankruptcy Code, in the event that no party objects.

9. The Joint Provisional Liquidators are hereby authorized to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights, obligations or liabilities of FTX Digital as deemed appropriate in the Joint Provisional Liquidators' discretion pursuant to sections 1521(a)(4) of the Bankruptcy Code.

10. No action taken by the Joint Provisional Liquidators, FTX Digital, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of, or in connection with, the Bahamian Liquidation, this Order, this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

11. The Order shall be served by electronic mail to the extent email addresses are available and otherwise by overnight courier or by hand delivery upon: (i) the Office of the United States Trustee for the Southern District of New York; and (ii) those parties requesting notice

pursuant to Bankruptcy Rule 2002.  Such service and notice is considered good and sufficient service and adequate notice for all purposes.

12. The Court shall retain jurisdiction to hear and determine all matters arising from or related to implementation of this Order, including, but not limited to (a) the enforcement, amendment or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in or through this Chapter 15 Case; and (c) any request by an entity for relief from the provisions of this Order, for cause shown, as to any of the foregoing, and provided the same is properly commenced and within the jurisdiction of this Court.

13. This Order is without prejudice to the Joint Provisional Liquidators requesting any additional relief in the Chapter 15 Case, including seeking recognition and enforcement in the United States of any orders issued by a court in the Commonwealth of The Bahamas with jurisdiction over the Bahamian Liquidation.

14. The Joint Provisional Liquidators are authorized to take all actions necessary to effectuate the relief granted by this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).  The Clerk is hereby directed to enter this Order on the docket for this Chapter 15 case.

**IT IS SO ORDERED**.

Dated: _____, 2022

_____
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York