Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone:  212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.Desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX
Digital Markets Ltd. (in Provisional Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- :
                                                        :    Chapter 15
In re:                                                  :
                                                        :    Case No. 22-_____(___)
FTX DIGITAL MARKETS LTD. (in                            :
Provisional Liquidation)                                :
                                                        :
                            Debtor in a                 :
                            Foreign                     :
                            Proceeding.[1]               :
                                                        :
------------------------------------------------------- :

**MOTION FOR ENTRY OF AN ORDER SHORTENING THE NOTICE PERIODS FOR
EMERGENCY HEARING ON MOTIONS OF FOREIGN REPRESENTATIVES FOR (I)
ENTRY OF AN ORDER GRANTING PROVISIONAL RELIEF PURSUANT TO
SECTIONS 105(A), 1519, AND 1521 OF THE BANKRUPTCY CODE AND
(II) ENTRY OF AN ORDER (A) SCHEDULING RECOGNITION HEARING AND
(B) SPECIFYING FORM AND MANNER OF NOTICE**

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

Brian C. Simms, Kevin G Cambridge, and Peter Greaves   ( "**Joint Provisional Liquidators**"), in their capacities as the duly appointed joint provisional liquidators and foreign representatives of FTX Digital Markets Ltd. ("**FTX Digital**" or the "**Debtor**"), the Debtor in the above-captioned chapter 15 proceeding with respect to a provisional liquidation in the Commonwealth of The Bahamas (the "**Bahamian Liquidation**") pursuant to the Companies (Winding Up Amendment) Act 2011 (the "**CWUA Act**"), by their undersigned United States counsel, Holland & Knight, LLP, respectfully submits  this motion (the "**Motion to Shorten**"), seeking entry of an Order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") shortening the notice periods for hearing the Joint Provisional Liquidators' (i) *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521* (the "**Provisional Relief Motion**"), and (ii) *Motion for Order (A) Scheduling Recognition Hearing and (B) Specifying Form and Manner of Notice* (the "**Notice Motion**" and, collectively with the Provisional Relief Motion, the "**Motions**"), filed contemporaneously herewith, and setting the hearing on the relief sought by the Motions (the "**Emergency Hearing**") on _____, November ____, 2022, or at the earliest time the Court's schedule will allow. In support of the relief requested herein, the Joint Provisional Liquidators respectfully state as follows:

## BACKGROUND

1.      The Motion to Shorten, as well as the Motions that are the subject hereof, have been filed contemporaneously with the Official Form Petition (the "**Form Petition**") commencing the above-captioned chapter 15 proceeding, the *Verified Petition for Recognition of Foreign Insolvency Proceeding and Related Relief* (the "**Verified Petition**" and, together with the Form Petition, the "**Petition**"), and the accompanying Declarations of (i) Brian C. Simms, dated November 15, 2022 (the "**Simms Declarations**") and the exhibits thereto, and (ii) Sophia T. Rolle-

Kapousouzoglou, dated November 15, 2022 (the "**STR Declaration**"), and the exhibits thereto (collectively, the "**Declarations**"). The Joint Provisional Liquidators hereby incorporate by reference the Petition and the Declarations.

2.      As set forth in greater detail in the Motions and the Declarations, this Court's consideration of the Motions on an expedited basis is critical because, (i) without obtaining access to accurate information regarding FTX Digital's assets, and assets to which FTX Digital may have a claim, the Joint Provisional Liquidators' efforts to conduct an orderly liquidation and administration of FTX Digital's estate are effectively immobilized, and (ii) FTX Digital's assets are subject to execution, attachment and/or dissipation during the period between the petition date and the date on which this Court hears the Petition and determines whether to grant recognition of the Bahamian Liquidation as a foreign main proceeding.

3.      The requested relief is imperative to the Joint Provisional Liquidators' ability to effectively administer FTX Digital's estate and maximize the value available for all stakeholders while the Petition is pending determination.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code are core proceedings under 28 U.S.C. § 157(b)(2)(P).

5.      The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by this Court in connection with the Petition to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) because the Debtor holds property within the United States and within this District.

7.      This case has properly been commenced pursuant to sections 1504, 1509, and 1515 by filing the Petition seeking recognition of the Bahamian Liquidation as a "foreign main proceeding" under section 1515.

8.      The statutory predicates for the relief requested herein are sections 105(a) and 1519 of the Bankruptcy Code, and Rules 2002, 9006, 9007, and 9029(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9006-1 and 9013-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York (the "**Local Rules**").

## RELIEF REQUESTED

9.      The Joint Provisional Liquidators respectfully request that this Court enter an Order, substantially in the form of the Proposed Order, shortening the notice period for the Emergency Hearing on the Motions.

## BASIS FOR RELIEF REQUESTED

10.     Pursuant to Bankruptcy Rule 9006(c)(1), for cause shown, this Court is authorized to reduce notice periods for motions. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of the court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.").

11.     Section 1519 of the Bankruptcy Code authorizes the foreign representative of a foreign debtor to move for the imposition of immediate provisional relief. *See* 11 U.S.C. § 1519.

The Bankruptcy Rules and Local Rules, however, do not explicitly provide procedures for obtaining emergency provisional relief under section 1519 of the Bankruptcy Code.  Accordingly, the Joint Provisional Liquidators request that this Court invoke its authority, consistent with section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9029(b), granting the Joint Provisional Liquidators' requested procedures set forth in this Motion to Shorten, as such procedures are necessary for the relief contemplated by chapter 15 of the Bankruptcy Code.

12.    The Joint Provisional Liquidators respectfully submit that this Court's consideration of the Motions at the Emergency Hearing is akin to the hearing of "first day motions" in a case under chapter 11 of the Bankruptcy Code.

13.    The relief requested in the Notice Motion is procedural in nature and will not prejudice any party if granted.

14.    As set forth more fully in the Motion for Provisional Relief and the Simms Declarations, the relief requested in the Motion for Provisional Relief is urgently needed, as the success of the Bahamian Liquidation is dependent, in part, on the Joint Provisional Liquidators' ability to determine the extent and location of FTX Digital's assets in the United States through discovery.  Further, absent the relief sought in the Motion for Provisional Relief, until the Court rules on the Petition, (i) creditors are free to execute on FTX Digital's assets to the detriment of similarly situated creditors, and (ii) those in possession of FTX Digital's assets can freely transfer such assets, complicating the Joint Provisional Liquidators' efforts to recover such assets.

15.    Further, the relief sought in the Provisional Relief Motion is only requested on an interim basis to cover the gap period between the petition date and the date upon which this Court enters an Order on the relief requested in the Petition, and such relief can only be made final after

notice and a hearing is held on the Petition in accordance with section 1517 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

16.    Accordingly, in light of the foregoing, cause exists for the Court to hear the Motions on an urgent basis at the Emergency Hearing as such relief is required to protect the Debtor's assets within the territorial jurisdiction of the United States and to protect the interests of the Debtor's stakeholders by facilitating a centralized liquidation proceeding pending recognition of the Bahamian Liquidation as a foreign main proceeding.

## **NOTICE**

17.    Notice of this Motion to Shorten has been provided via electronic mail to the extent email addresses are available and otherwise by overnight courier, or by hand delivery to:  (i) the United States Trustee for the Southern District of New York; (ii) the Debtor; (iii) all persons or bodies authorized to administer foreign proceedings of the Debtor; (iv) all persons and entities against whom provisional relief is sought under section 1519 of the Bankruptcy Code; (v) all parties to litigation pending in the United States to which the Debtor is a party at the time of the filing of the Petition; and (vi) all parties that have filed a notice of appearance in this chapter 15 case. The Joint Provisional Liquidators respectfully submit that such notice is proper and that no other or further notice need be provided.

*[Remainder of this page intentionally left blank]*

## <u>CONCLUSION</u>

WHEREFORE, the Joint Provisional Liquidators respectfully request entry of the Proposed Order granting the Motion to Shorten and such other and further relief as is just and proper.

Dated: November 15, 2022
New York, New York                    HOLLAND & KNIGHT LLP


/s/  Warren E. Gluck
Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone:  212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.Desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX
Digital Markets Ltd. (in Provisional Liquidation)*