Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone:  212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.Desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd. (in Provisional Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 15 |
| FTX DIGITAL MARKETS LTD. (in Provisional Liquidation) | Case No. 22-_____(___) |
| Debtor in a Foreign Proceeding.[1] | |

---

# MOTION FOR ORDER (A) SCHEDULING RECOGNITION HEARING AND (B) SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Brian C. Simms, Kevin G Cambridge, and Peter Greaves ("**Joint Provisional Liquidators**"), in their capacities as the duly appointed joint provisional liquidators and foreign representatives of FTX Digital Markets Ltd. ("**FTX Digital**" or the "**Debtor**"), the Debtor in the

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

1

above-captioned chapter 15 proceeding with respect to a provisional liquidation in the Commonwealth of The Bahamas (the "**Bahamian Liquidation**") pursuant to the Companies (Winding Up Amendment) Act 2011 (the "**CWUA Act**"), by their undersigned United States counsel, Holland & Knight LLP, respectfully submit this motion (the "**Motion**"), seeking entry of an Order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (i) approving the notice of filing of the Official Form Petition and *Verified Petition for Recognition of Foreign Insolvency Proceeding and Related Relief* (the "**Verified Petition**," and, together with the Official Form Petition, the "**Petition**") in the form attached hereto as **Exhibit B** (the "**Notice**"); (ii) specifying the manner of service of the Notice; and (iii) scheduling a hearing on the Petition and the recognition of the Bahamian Liquidation. In support of the Motion, the Joint Provisional Liquidators states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2. Venue is proper pursuant to 28 U.S.C. § 1410(3) because the Debtor holds property within the United States and within this District.

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.

4. The predicates for the relief requested herein are sections 105(a), 1514, and 1515 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "**Bankruptcy Code**"), and Rules 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**RELIEF REQUESTED**

5.  Pursuant to section 1517(a) of the Bankruptcy Code, "[a] court may enter an order recognizing a foreign proceeding "after notice and a hearing." 11 U.S.C. § 1517(a).

6.  Bankruptcy Rule 2002(q)(1) provides that 21 days' notice of a hearing on a petition for recognition of a foreign proceeding must be given to "the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under §1519 of the [Bankruptcy] Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct." Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007, in turn, provide that when notice is to be given under the Bankruptcy Rules, the court may enter orders designating the form and manner in which such notice shall be given.

7.  The Joint Provisional Liquidators request that the form of Notice be approved by this Court pursuant to Bankruptcy Rules 2002(m) and 9007, and that he be permitted to serve the Notice, the Petition, and the Petition's supporting documents (collectively, the "**Service Documents**") to the Debtor and all persons, bodies, and entities required by Bankruptcy Rule 2002(q)(1) by United States Mail, first-class postage prepaid or its appropriate equivalent, or by overnight courier or by hand if practicable, within three (3) business days of the entry of the Proposed Order or other order granting the relief requested herein. The Joint Provisional Liquidators request that the Court approve the foregoing as adequate and sufficient notice of the Service Documents.

8.  The Joint Provisional Liquidators respectfully request that if any party files a notice of appearance in this case, the Joint Provisional Liquidators shall serve the Service Documents and subsequent notices upon such party within ten (10) days of the filing of such notice of appearance

if such documents have not already been served on such party (or its counsel).

9. The Joint Provisional Liquidators also request that the Court require all responses to the Service Documents (the "**Responses**") to be made in accordance with the Bankruptcy Code, the local rules of this Court, and the Bankruptcy Rules, in writing describing the basis therefor, for which Responses must be filed with the Office of the Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, and served upon counsel for the Joint Provisional Liquidators so as to be received by the date set in accordance with the Local Rules. Notices to counsel for the Joint Provisional Liquidators should be addressed to **Warren E. Gluck, Esq.**, Holland & Knight LLP, 31 West 52nd Street, New York, NY 10019.

10. The Joint Provisional Liquidators respectfully request that a hearing to consider the Petition be scheduled at a time convenient for the Court and the parties, in accordance with Bankruptcy Rule 2002(q).

11. The Joint Provisional Liquidators further request that the Court grant this Motion without notice to creditors. The Joint Provisional Liquidators will serve notice of the signed order in accordance with the procedures set forth in this Motion. In light of the nature of the relief requested, the Joint Provisional Liquidators submit, and request that this Court hold, that no further notice is required.

*[remainder of the page intentionally left blank]*

**WHEREFORE**, the Joint Provisional Liquidators, as duly appointed foreign representatives of the Debtor, respectfully requess (i) entry of the Proposed Order in the form attached hereto as **Exhibit A** approving the Notice in the form attached hereto as **Exhibit B**, specifying the manner of service of the Notice, and scheduling a hearing on the Petition, and (ii) waiver of the requirements of section 1514(c) of the Bankruptcy Code.

Dated: November 15, 2022
New York, New York                HOLLAND & KNIGHT LLP

/s/ Warren E. Gluck
Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (Pro Hac Vice Pending)
Jessica Magee (Pro Hac Vice Pending)
Shardul Desai (Pro Hac Vice Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone: 212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd. (in Provisional Liquidation)*