Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone: 212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.Desai@hklaw.com

*Counsel for the Joint Provisional Liquidators of FTX Digital Markets Ltd. (in Provisional Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> FTX DIGITAL MARKETS LTD. (in Provisional Liquidation) <br><br> Debtor in a Foreign Proceeding.[1] | Chapter 15 <br><br> Case No. 22-_____ (___) |

**DECLARATION OF SOPHIA T. ROLLE-KAPOUSOUZOGLOU IN SUPPORT OF CHAPTER 15 PETITION OF FTX DIGITAL MARKETS LTD. FOR RECOGNITION OF A FOREIGN INSOLVENCY PROCEEDING**

I, Sophia T. Rolle-Kapousouzoglou, hereby declare under penalty of perjury under the laws of the United States of America as follows:

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.

1

## Introduction

1. I am a partner of Lennox Paton in Nassau, Bahamas. Lennox Paton is a leading offshore, full service commercial law firm providing services to clients in relation to Bahamian and British Virgin Islands law.

2. I am a Counsel and Attorney-At-Law and a Partner in the Litigation Department in the law firm Lennox Paton, in Nassau, Bahamas. I was called to the Bar of England and Wales in July 2006 and called to The Bahamas Bar in September 2006. I am a Fellow of INSOL International and my areas of practice include representing clients in insolvency and restructuring matters including multi-jurisdictional cases. I have acted in several prominent cross-border insolvency cases including the Baha Mar Liquidation and Receivership which involved Bahamian debtor Companies seeking Chapter 11 assistance. I am also experienced in shareholder and company disputes and trust litigation. My overall practice also includes advising clients with respect to fraud and asset tracing, Norwich Pharmacal applications, applications for injunctions and other interlocutory relief. I have been recognised by Chambers Global 2021, The Legal 500 Caribbean 2021, Who's Who Legal: Asset Recovery 2020, Who's Who Legal: Litigation 2020, Global Restructuring Review's '40 Under 40' and was featured in GRR's 'Women in Restructuring' list in 2019. I am regularly called on to speak at various international conferences, including INSOL International, American Bar Association, American Bankruptcy Institute, and the International Bar Association ('IBA') and the AIJA, and I have contributed to numerous publications with respect to Bahamian law.

3. Although I am not a U.S. attorney, I am familiar with the provisions of Chapter 15 of the U.S. Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), as a consequence of my insolvency practice.

2

4. I respectfully submit this declaration in support of the Petition of Mr. Brian Cecil Simms KC, Kevin G. Cambridge and Peter Greaves, the duly appointed joint provisional liquidators ("**Joint Provisional Liquidators**") of FTX Digital Markets Ltd. (in Liquidation) ("**FTX Digital**") in the Bahamas Supreme Court (the "**Bahamas Liquidation**") which seeks recognition of the Bahamas Liquidation pursuant to 11 U.S.C. § 1517(b)(1) as a foreign main proceeding (the "**Chapter 15 Proceeding**").

5. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge or based upon my review of relevant documents, including, without limitation, the sworn declaration of Brian Cecil Simms KC (the "**Simms Declaration**"), or my opinion based on my experience and knowledge. To the extent matters stated in this Declaration are statements of legal opinion, such statements represent my view of the laws of The Bahamas as a practicing Bahamian attorney.

6. For the reasons discussed below, it is my opinion that (i) the Joint Provisional Liquidators, qualify as "foreign representatives" in connection with the Bahamas Liquidation, and the Bahamas Liquidation constitutes a "foreign proceeding" according to 11 U.S.C. § 101(23) and (24), respectively, and (ii) the Bahamas Liquidation is a "foreign main proceeding" within the meaning of Sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

### Factual Background and Overview of Bahamian Insolvency Law

7. FTX Digital was incorporated in the Commonwealth of The Bahamas on 22 July 2021 as an International Business Company. FTX Digital is registered as a digital asset business under the Digital Assets and Registered Exchanges Act, 2020 (the "**DARE Act**"). A true and correct copy of the DARE Act is attached hereto as Exhibit 1.

3

8. Under the DARE Act, FTX Digital is registered to provide: (i) an exchange between digital assets and fiat currency and (ii) an exchange between one or more forms of digital assets.

9. FTX Digital is a company within the meaning of the Companies (Winding Up Amendment) Act 2011 (the "**CWUA Act**") § 185(b). A copy of the CWUA Act is attached hereto as Exhibit 2.

10. On November 11, 2022, the Securities Commission of The Bahamas (the "**Bahamas Commission**") filed a petition (the "**Bahamas Petition**") in the Bahamas Supreme Court for an Order that FTX Digital be wound up because (1) it was insolvent according to the CWUA Act, (2) The Bahamas Commission suspended its license, and (3) it was in breach of its duties under the DARE Act. The Bahamas Petition requested an Order appointing Brian Cecil Simms KC as provisional liquidator of FTX Digital.

11. The Bahamas Commission, as petitioner seeking the winding up of FTX Digital, is a regulator within the meaning of the CWUA Act § 183.

12. The Bahamas Commission, in its capacity as regulator, may apply to wind up a company under the CWUA Act, if the company is carrying on a regulated business in The Bahamas for any reason as provided under the regulatory laws or any other law: CWUA Act §§ 190(1)(d) and (4).

13. Also, a company is deemed to be unable to pay its debts if it is proved to the satisfaction of the court that the company is unable to pay its debts. CWUA Act. § 188(c).

14. There were additional grounds upon which a winding up order was sought, as follows:

15. On November 10, 2022, the Bahamas Commission suspended FTX Digital's license to conduct business. The CWUA Act § 186(4) authorizes the Bahamas Commission to

4

petition for the winding up of a company over which it has regulatory authority and whose license has been suspended.

16. Further, the DARE Act § 24 requires FTX Digital to act honestly and fairly, to act with care and diligence, observe and maintain a high standard of professional conduct and maintain adequate financial resources and solvency. The DARE Act permits the Bahamas Commission to apply to the Bahamian Court for an order to take such action as the Bahamas Commission considers necessary to protect the interests of clients or creditors of a regulated company.

17. The Bahamas Commission determined that it was necessary to take action by presenting a winding up petition and obtaining the appointment of a provisional liquidator over FTX Digital. In light of the wide power afforded to the Bahamas Commission by the CWUA Act §§ 190(1)(d) and (4), a petition can be presented where the DARE Act has been breached. The fact that FTX Digital is not complying with its duties under the DARE Act constitutes sufficient and alternative grounds for a winding up order to be made.

18. The grounds for the appointment of a provisional liquidator as required by the CWUA Act § 199 are:

(i) There is a prima facie case for making a winding up order under CWUA Act § 199(2)(a); and

(ii) The appointment of a provisional liquidator is necessary:

1. To prevent the dissipation or misuse of the company's assets; and/or

2. To prevent mismanagement or misconduct on the part of the company's directors; and/or

3. In the public interest.

CWUA Act § 199(2)(b).

19. A provisional liquidator is authorized to take any action that he considered fit under the CWUA Act § 199(4) to maintain the value of the assets owned or management by the company or to carry out the functions for which he was appointed, including:

(i) with the sanction of the court, those powers contained in Part I of the Fourth Schedule of the CWUA Act as follows:

1. Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

2. Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

3. Power to dispose of any property of the company to a person who is or was related to the company.

4. Power to pay any class of creditors in full.

5. Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

6. Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

7. Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

8. The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

9. The power to raise or borrow money and grant securities therefor over the property of the company.

10. Power to disclaim onerous property

and (ii) with or without that sanction the exercise of the general powers specified in Part II of the Fourth Schedule of the CWUA Act as follows:

1. The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as he considers necessary.

2. The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

3. The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

4. The power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect in respect of the company's liability as if the bill or note had been drawn, accepted, made or endorsed by or on behalf of the company in the course of its business.

5. The power to promote a scheme of arrangement pursuant to section 158.

6. The power to convene meetings of creditors and contributories.

7. The power to engage staff (whether or not as employees of the company) to assist him in the performance of his functions.

8. The power to engage counsel and attorneys and other professionally qualified persons to assist him in the performance of his functions.

9. The power to do all other things incidental to the exercise of his powers.

20.  The above-mentioned powers include the power to dispense with the services of the directors and other management of the Company, but the exercise of that power is without prejudice to the duties of the directors and officers under Section 230 of the CWUA Act.

21.  On November 11, 2022, the Bahamian Court entered its Order for Appointment of Provisional Liquidator (the "**Provisional Liquidator Order**"). A true and correct copy of the Provisional Liquidator Order is attached hereto as Exhibit 3.

22.  Consistent with the CWUA Act, the Provisional Liquidator Order specifically provides:

7

> 2. The Provisional Liquidator is hereby authorised to take any action that he considers fit under the Companies (Winding Up Amendment) Act 2011 ("**the Act**"), section 199(4) to maintain the value of the assets owned or managed by the Company or to carry out the functions for which he was appointed including,
>
>     a. with the sanction of the court, those powers contained in Part I of the Fourth Schedule of the Act; and
>     b. with or without sanction the exercise of general powers specified in Part II of the Fourth Schedule of the Act.
> …
>
> 5. Until further order of this Court the Provisional Liquidator is directed to take all and any necessary steps that he considers fit to protect the assets of the Company wheresoever situated including any assets held on trust by the Company.

Exhibit 3 at ¶ 200.

23. On November 14, 2022, the Bahamian Court appointed both Mr. Cambridge and Mr. Greaves to serve alongside Mr. Simms as Joint Provisional Liquidators of FTX Digital, and extended to them all the rights, responsibilities and authority originally granted to Mr. Simms by the Provisional Liquidation Order.

### The Bahamas Liquidation Satisfies the Requirements of the United States Bankruptcy Code for Recognition Under Chapter 15

### The Bahamas Liquidation is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code

24. I am advised by United States counsel that "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code as "a collective juridical or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the Debtors are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation."

25. In my opinion the Bahamas Liquidation satisfies the above definition. The CWUA Act establishes a comprehensive statutory framework for the winding up of a Bahamian company like FTX Digital. First, it constrains a company's actions in liquidation, such as the cessation of

8

the powers of the corporate directors, and provides broad authority for the Joint Provisional Liquidators to take actions for the benefit of stakeholders.

26. It is also my opinion that the Bahamas Liquidation is a "judicial or administrative proceeding." Many of the Joint Provisional Liquidators' tasks will be administrative in nature, *i.e.*, to carry on the business of the company - collecting assets, convening meetings, preparing various reports, and investigating the assets of FTX Digital. The Bahamas Liquidation is also judicial in character because the Bahamian Court maintains supervisory authority. The CWUA Act allows the Bahamian Court to alter the powers of the provisional liquidator or remove and replace him (CWUA Act § 199(4) and (6)), and, the winding up cannot be reversed absent court intervention (CWUA Act § 206).

27. The Bahamas Liquidation is also "collective in nature." FTX Digital has assets as a registered digital asset business, and the Joint Provisional Liquidators are acting for the benefit of creditors. In fact, the CWUA Act grants the Joint Provisional Liquidators the power, with the sanction of the Court, to pay any class of creditors in full (*see* ¶ 19, *supra*), and further mandates that "the property of the company shall be applied in satisfaction of its liabilities 'pari passu'..." CWUA Act § 236. And, one purpose of the appointment of the Joint Provisional Liquidators is "to protect the interests of investors and creditors of FTX Digital ..." *See* Exhibit 3.

28. Of course, the Bahamas Liquidation is occurring in The Bahamas, a foreign country. The Bahamas Liquidation operates under Bahamian law and is governed by the CWUA Act. And, the Bahamian Court holds supervisory authority over the Bahamas Liquidation.

29. As set forth within this Declaration, the Bahamas Liquidation proceeds under the auspices of the CWUA Act, which is a statutory scheme "relating to insolvency or adjustment of debt" pursuant to 11 U.S.C. § 101(23). Here, one of the bases for the winding up and the

appointment of the Joint Provisional Liquidators under the CWUA Act is the asserted insolvency of FTX Digital. The CWUA Act authorizes the entry of a winding up order, the appointment of one or more provisional liquidators, and outlines the provisional liquidators' powers and responsibilities for the benefit of stakeholders on account of a company's insolvency. *See* Exhibit 2. And, the provisional nature of the liquidation changes upon the entry of a winding up order. *See* CWUA Act.

30. The provisions of the CWUA Act and terms of the Provisional Liquidator Order clearly illustrate that the Bahamas Liquidation is under the supervision of the Bahamian Court, notwithstanding the powers granted to the Joint Provisional Liquidators. The Provisional Liquidator Order permits a the Court to alter the power granted to the provisional liquidators, and limits the powers of directors and management.

31. Finally, the Bahamas Liquidation exists "for the purpose of reorganization or liquidation." The express purposes of the CWUA Act is to permit and facilitate liquidation. CWUA Act (Exhibit 2) § 200.

32. For these reasons, the Bahamas Liquidation is a "foreign proceeding" in satisfaction of 11 U.S.C. § 1517(a)(1).

## The Joint Provisional Liquidators are a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code

33. I am also advised by United States counsel that "foreign representative is defined in section 101(24) of the Bankruptcy Code as "a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."

34. In my opinion and for the foregoing reasons, the Joint Provisional Liquidators satisfy this definition, as they are duly authorized and empowered by the Bahamian Court to carry

10

out their duties under the relevant sections of Bahamian law (set forth above), with a view to protecting the assets of the Company, wherever located.

35. The Provisional Liquidator Order specifically gave the Joint Provisional Liquidators authority over FTX Digital's assets and, with sanction of the Court, the power to pay creditors. Exhibit 3. The Joint Provisional Liquidators are the representatives of FTX Digital authorized to act under the Bahamian Court's order to carry out the powers under the CWUA Act. The Joint Provisional Liquidators are thus proper "foreign representatives" within the meaning of section 101(24) with respect to FTX Digital, and section 1517(a)(2) is satisfied.

**The Bahamian Liquidation is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code**

36. I am also advised by United States counsel that (1) a "foreign main proceeding" is defined in section 1502(4) of the Bankruptcy Code as a "foreign proceeding pending in the country where the debtor has the center of its main interests" and that (2) a foreign proceeding "shall be recognized" as a foreign main proceeding under section 1517(b)(1) of the Bankruptcy Code if the bankruptcy proceedings are pending where the debtor has the "center of its main interests."

37. I am advised further that, in the absence of evidence to the contrary, the debtor's registered office is presumed to be the "center of its main interests."

38. FTX Digital is incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B, and since its incorporation, maintained a registered office in The Bahamas.

11

39. In my opinion, the Bahamas Liquidation is a foreign main proceeding under the Bankruptcy Code because FTX Digital maintains its center of main interests in The Bahamas.

_____
Signed by Ms. Sophia Rolle-Kapousouzoglou

Before Me, Notary Public
This 15th day of November 2022

Error! Unknown document property name.