# EXHIBIT 2



*EXTRAORDINARY*

# OFFICIAL GAZETTE
# THE BAHAMAS
### PUBLISHED BY AUTHORITY

| NASSAU | 30th December, 2011 | (A) |

No. 53 of 2011



No. 53 of 2011

# COMPANIES (WINDING UP AMENDMENT) ACT, 2011

## AN ACT TO AMEND THE COMPANIES ACT TO RESTATE AND IMPROVE THE LAW RELATING TO THE WINDING UP OF COMPANIES

[Date of Assent - 30th December, 2011]

### Enacted by the Parliament of The Bahamas

### 1.   Short title and commencement.

(1)   This Act which amends the Companies Act, (*Ch. 308*) may be cited as the Companies (Winding Up Amendment) Act, 2011.

(2)   This Act shall come into operation on such day as the Minister may, by notice published in the Gazette, appoint.

### 2.   Repeal and replacement of Part VII of the Principal Act.

Part VII of the principal Act is repealed and replaced by the following—

## "PART VII–WINDING UP OF COMPANIES

*Preliminary*

### 183.  Definitions.

In this Part—

"the Bank" means the Central Bank of The Bahamas established under section 3 of the Central Bank of The Bahamas Act, *Ch. 351*, and includes a person acting under the Bank's authorisation;

"company" means a company which is being wound up;

"contributory" means—

(a)   every person liable by virtue of this Act to contribute to the assets of a company in the event that it is wound up under this Act; and

(b)   every holder of fully paid up shares of a company;

**"document"** includes any device by means of which information is recorded or stored;

**"foreign company"** means any body corporate incorporated outside The Bahamas;

**"foreign practitioner"** means a person who is qualified under the law of a foreign country to perform functions equivalent to those performed by official liquidators under this Act or by trustees in bankruptcy under the Bankruptcy Act, *Ch. 69*;

**"insolvent"** has the meaning ascribed to it in section 187;

**"official liquidator"** means the liquidator of a company which is being wound up by order of the court or under the supervision of the court and includes a provisional liquidator;

**"onerous property"** means—

(a)   an unprofitable contract; or

(b)   assets of the company which are unsaleable or not readily saleable, or which may give rise to a liability to pay money or perform an onerous act;

**"prescribed"** means prescribed by the Liquidation Rules Committee;

**"professional service provider"** means a person who contracts to provide general managerial or administrative services to a company on an annual or continuing basis;

**"qualified insolvency practitioner"** means a person holding the qualifications specified in the regulations made by the Liquidation Rules Committee under section 252 or such other qualifications as the court considers appropriate for the conduct of the winding up of a company;

**"receiver"** means a person appointed by the Bank, pursuant to the Banks and Trust Companies Regulation Act, *Ch. 316*, or otherwise appointed to take control of a company, and includes a receiver-manager;

**"regulated business"** means such commercial activity as may be regulated under one or other of the regulatory laws;

**"regulator"** means a governmental agency vested with regulatory oversight or power as specified under any of the regulatory laws or by order of the Minister;

"**regulatory laws**" means the Banks and Trust Companies Regulation Act, *Ch. 316* and any other law specified by order of the Minister;

"**Rules**" means rules prescribed by the Liquidation Rules Committee;

"**shadow director**" means, in relation to a company, any person in accordance with whose directions or instructions the directors of the company are accustomed to act, but the person is not deemed to be a shadow director by reason only that the directors act on advice given by him in a professional capacity;

"**solvent**" means a company which is not insolvent;

"**winding up order**" includes an order that a voluntary winding up continues under the supervision of the court and references to a company being wound up by the court includes a company which is being wound up under the supervision of the court.

## 184. Alternative modes of winding up.

A company may be wound up—

    (a)    compulsorily by order of the court;

    (b)    voluntarily—

        (i)    by virtue of a resolution of the company;

        (ii)    because the event, if any, has occurred, on the occurrence of which its articles provide that the company shall be wound up; or

        (iii)    because the period, if any, fixed for the duration of the company by its articles has expired; or

    (c)    under the supervision of the court.

## 185. Jurisdiction of the court.

The court has jurisdiction to make winding up orders in respect of—

    (a)    an existing company;

    (b)    a company incorporated and registered under this Act;

    (c)    a body incorporated under any other law; and

    (d)    a foreign company which—

        (i)    has property located in The Bahamas,

        (ii)    is carrying on business in The Bahamas, or

        (iii)    is registered under Part VI.

*Winding up by the court*

## 186. Circumstances in which a company may be wound up by the court.

A company may be wound up by the court if—

- (a) the company has passed a resolution requiring the company to be wound up by the court;
- (b) the company does not commence its business within a year from its incorporation, or suspends its business for a whole year;
- (c) the company is insolvent;
- (d) the members are reduced in number to less than two;
- (e) the court is of the opinion that it just and equitable that the company should be wound up; or
- (f) a regulator petitions for the winding up of a company over which it has regulatory authority and whose licence or registration has been suspended or revoked.

## 187. Meaning of "insolvent".

A company is insolvent if—

- (a) the company is unable to pay its debts as they fall due; or
- (b) the value of the company's liabilities exceeds its assets.

## 188. Definition of inability to pay debts.

A company shall be deemed to be unable to pay its debts if—

- (a) a creditor by assignment or otherwise to whom the company is indebted at law or in equity in a sum that is not less than the prescribed minimum then due, has served on the company by leaving at its registered office a demand (hereinafter referred to as a "statutory demand") under his hand requiring the company to pay the sum so due, and the company has for the space of three weeks succeeding the service of such demand neglected to pay such sum, or to secure or compound for the same to the satisfaction of the creditor;
- (b) execution of other process issued on a judgment, decree or order obtained in the court in favour of any creditor at law or in equity in any proceedings instituted by such creditor against the company, is returned unsatisfied in whole or in part; or
- (c) it is proved to the satisfaction of the court that the company is unable to pay its debts.

Page - 7

### 189. Hearing to set aside statutory demand.

(1)   The court shall set aside a statutory demand if it is satisfied that—

    (a)   there is a substantial dispute as to whether—

        (i)   the debt, or

        (ii)   a part of the debt sufficient to reduce the undisputed debt to less than the prescribed minimum,

    is owing or due;

    (b)   the person on whom the statutory demand was served has a reasonable prospect of establishing a set-off or counterclaim in an amount equal to or greater than the amount specified in the demand less the prescribed minimum; or

    (c)   the creditor holds a security interest in respect of the debt claimed and the value of the security interest is equal to or greater than the amount specified in the demand less the prescribed minimum.

(2)   The court may set aside a statutory demand if it is satisfied that substantial injustice would otherwise be caused—

    (a)   because of a defect in the demand, including a failure to comply with subsection (3); or

    (b)   for some other reason.

(3)   Where the court is satisfied that the security interest of a secured creditor has been under-valued in the statutory demand, the court may require the creditor to amend the demand accordingly, but without prejudice to his right to make application for the appointment of a liquidator or a bankruptcy order, as the case may be.

(4)   If, on hearing an application to set aside a statutory demand, the court is satisfied that there are no grounds for setting aside the statutory demand, it may extend the time for compliance with the statutory demand.

(5)   If the court dismisses an application to set aside a statutory demand, it shall make an order authorizing the creditor to make application for the appointment of a liquidator.

(6)   Having considered the evidence before it on a hearing under this section, the court may either summarily determine the application or adjourn it giving such directions as it considers fit.

### 190. Application for winding up.

(1)   An application to the court for the winding up of a company shall be by petition presented either by—

    (a)   the company;

(b) any creditor or creditors (including any contingent or prospective creditor or creditors);

(c) any contributory or contributories; or

(d) subject to subsection (4), a relevant regulator pursuant to the regulatory laws.

(2) Where expressly provided for in the articles the directors of a company incorporated after the commencement of this Act have the authority to present a winding up petition on its behalf without the sanction of a resolution passed at a general meeting.

(3) A contributory is not entitled to present a winding up petition unless

either—

(a) the shares in respect of which he is a contributory, or some of them, are partly paid; or

(b) the shares in respect of which he is a contributory, or some of them, either were—

(i) originally allotted to him, or have been held by him, and registered in his name for a period of at least six months immediately preceding the presentation of the winding up petition, or

(ii) have devolved on him through the death of a former holder.

(4) A winding up petition may be presented by a relevant regulator in respect of any company which is carrying on a regulated business in The Bahamas upon the grounds that it is not duly licensed or registered to do so under the regulatory laws or for any other reason as provided under the regulatory laws or any other law.

(5) An application referred to in subsection (1) shall ordinarily be determined by the court within six months of it being made unless the court is satisfied that special circumstances justify an extension of such time not exceeding six months.

## 191. Powers of the court.

(1) Upon hearing the winding up petition the court may—

(a) dismiss the petition;

(b) adjourn the hearing conditionally or unconditionally;

(c) make a provisional order; or

(d) make any other order that it thinks fit,

but the court shall not refuse to make a winding up order on the ground only that the company's assets have been mortgaged or charged to an

amount equal to or in excess of those assets or that the company has no assets.

(2)     The court shall dismiss a winding up petition or adjourn the hearing of a winding up petition on the ground that the petitioner is contractually bound not to present a petition against the company.

(3)     If the petition is presented by members of the company as contributories on the ground that it is just and equitable that the company should be wound up, the court shall have jurisdiction to make the following orders, as an alternative to a winding up order, namely—

    (a)     an order regulating the conduct of the company's affairs in the future;

    (b)     an order requiring the company to refrain from doing or continuing an act complained of by the petitioner or to do an act which the petitioner has complained it has omitted to do;

    (c)     an order authorising civil proceedings to be brought in the name and on behalf of the company by the petitioner on such terms as the court may direct; or

    (d)     an order providing for the purchase of the shares of any members of the company by other members or by the company itself and, in the case of a purchase by the company itself, a reduction of the company's capital accordingly.

(4)     Where an alternative order under subsection (3) requires the company not to make any, or any specified, alteration in the memorandum or articles, the company does not have power, without the leave of the court, to make any such alteration in breach of that requirement.

(5)     Any alteration in a company's memorandum or articles made by virtue of an alternative order under subsection (3) is of the same effect as if duly made by resolution of the company, and the provisions of this Act shall apply to the memorandum or articles as so altered accordingly.

(6)     A copy of an alternative order made under subsection (3) altering, or giving leave to alter, a company's memorandum or articles shall be filed by the company with the Registrar within fourteen days of the making of the order.

### 192. Power to stay or restrain proceedings.

At any time after the presentation of a winding up petition and before a winding up order has been made, the company or any creditor or contributory may—

    (a)     where any action or proceeding against the company, including a criminal proceeding, is pending in a summary court, the court, the Court of Appeal or the Privy Council, apply to the court in which

Page - 10

the action or proceeding is pending for a stay of proceedings therein; and

(b)    where any action or proceeding is pending against the company in a foreign court, apply to the court for an injunction to restrain further proceedings therein,

and the court to which application is made may, as the case may be, stay or restrain the proceedings accordingly on such terms as it thinks fit.

### 193. Avoidance of attachments and stay of proceedings.

(1)    When a winding up order is made or a provisional liquidator is appointed, no suit, action or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the company except with the leave of the court and subject to such terms as the court may impose.

(2)    When a winding up order has been made, any attachment, distress or execution put in force against the estate or effects of the company after the commencement of the winding up is void.

### 194. Notice of winding up order.

When a winding up order is made, the liquidator shall—

(a)    file a copy of the winding up order with the Registrar; and

(b)    publish notice of the winding up in the Gazette and any newspaper in which the winding up petition was advertised.

### 195. Commencement of winding up by court.

(1)    If, before the presentation of a petition for the winding up of a company by the court—

(a)    a resolution has been passed by the company for voluntary winding up; or

(b)    the period or the event upon the occurrence of which it is provided by the articles that the company is to be wound up has occurred,

the winding up of the company is deemed to have commenced at the time of passing of the resolution or the expiry of the relevant period    or    the occurrence of the relevant event.

(2)    In any other circumstance not specified in subsection (1), the winding up of a company by the court is deemed to commence at the time of the presentation of the petition for winding up.

### 196. Company's statement of affairs.

(1)    Where the court has made a winding up order or appointed a provisional liquidator, the liquidator may require some or all of the persons mentioned

in subsection (3) to prepare and submit to him a statement in the prescribed form as to the affairs of the company.

(2)    The statement shall be verified by an affidavit sworn by the persons required to submit it and shall show—

    (a)    particulars of the company's assets and liabilities, including contingent and prospective liabilities;

    (b)    the names and addresses of any persons having possession of the company's assets;

    (c)    the assets of the company held by those persons;

    (d)    the names and addresses of the company's creditors;

    (e)    the securities held by those creditors;

    (f)    the dates when the securities were respectively given; and

    (g)    such further or other information that the liquidator may require.

(3)    The persons referred to in subsection (1) are—

    (a)    persons who are or have been directors, officers or prior liquidators of the company;

    (b)    persons who are or have been professional service providers to the company; and

    (c)    persons who are or have been employees of the company, during the period of one year immediately preceding the relevant date.

(4)    Where any persons are required under this section to submit a statement of affairs to the liquidator, they shall do so, subject to subsection (5), before the end of the period of twenty–one days beginning with the day after that on which the prescribed notice of the requirement is given to them by the liquidator.

(5)    The liquidator may release a person from an obligation imposed on him under subsection (1) or, when giving the notice mentioned in subsection (4) or subsequently, the liquidator may extend the time for compliance; and if the liquidator refuses to extend the time for compliance, the court may do so.

(6)    In this section, **"relevant date"** means—

    (a)    in a case where a provisional liquidator is appointed, the date of his appointment; and

    (b)    in any other case, the commencement of the winding up.

(7)    Whoever, without reasonable excuse fails to comply with any obligation imposed under this section shall be liable to a civil penalty.

(8)    In this section **"officer"** includes a shadow director.

### 197. Investigation by liquidator.

(1)  Where a winding up order is made by the court, the liquidator shall be empowered to investigate—

  (a)  if the company has failed, the causes of the failure; and

  (b)  generally, the promotion, business, dealings and affairs of the company,

and to make such report, if any, to the court as he thinks fit.

(2)  Subject to obtaining the directions of the court, the liquidator shall have power to—

  (a)  assist a relevant regulator and the Royal Bahamas Police Force to investigate the conduct of persons referred to in section 196(3); and

  (b)  assist the Attorney-General relative to the instituting and conducting of a criminal prosecution of any offence in relation to the company committed by any of the persons referred to in section 196(3).

(3)  Subject to obtaining the prior approval of the company's creditors, if it is insolvent, or its contributories, if it is solvent, the directions given under subsection (2) may include a direction that the whole or part of the costs of investigation and prosecution be paid out of the assets of the company.

### 198. Duty to co–operate and the private examination of relevant persons.

(1)  In this section, a **"relevant person"** is any person who, whether resident in The Bahamas or elsewhere—

  (a)  has made or concurred with the statement of affairs;

  (b)  is or has been a director or officer of the company;

  (c)  is or was a professional service provider to the company;

  (d)  has acted as a receiver, advisor or liquidator of the company or of its property;

  (e)  not being a person falling within paragraphs (a) to (d) is or has been concerned or has taken part in the promotion, or management of the company.

(2)  It is the duty of every relevant person to co–operate with the official liquidator.

(3)  While a company is being wound up, the official liquidator may at any time before its dissolution apply to the court for an order—

  (a)  for the examination of any relevant person;

  (b)  that a relevant person transfer or deliver up to the liquidator any property or documents belonging or connected to the company; or

(c)    that any property or documents belonging or connected to the company be seized and safely kept until such time as the court may order.

(4)    Unless the court otherwise orders, the official liquidator shall make an application under subsection (3) if he is requested in accordance with the rules to do so by one–half, in value, of the company's creditors or contributories.

(5)    On an application made under subsection (3) (a), the court may order that a relevant person—

(a)    swear an affidavit in answer to written interrogatories;

(b)    attend for oral examination by the official liquidator at a specified time and place; or

(c)    do both things specified in paragraphs (a) and (b).

(6)    The court may direct that any creditor or contributory of the company or any relevant regulator be permitted by the official liquidator to participate in an oral examination.

(7)    The court shall have jurisdiction—

(a)    to make an order under this section against a relevant person resident outside The Bahamas; and

(b)    to issue a letter of request for the purpose of seeking the assistance of a foreign court in obtaining the evidence of a relevant person resident outside the jurisdiction.

(8)    In this section, **"officer"** includes a shadow director.

*Official Liquidators*

### 199. Provisional liquidator: appointment, powers and termination.

(1)    Subject to this section and any Rules made under section 252, the court may, at any time after the presentation of a winding up petition but before the making of a winding up order, appoint a liquidator provisionally.

(2)    An application for the appointment of a provisional liquidator may be made under subsection (1) by a creditor or contributory of the company or any relevant regulator on the grounds that—

(a)    there is a prima facie case for making a winding up order; and

(b)    the appointment of a provisional liquidator is necessary—

(i)    to prevent the dissipation or misuse of the company's assets,

(ii)    to prevent the oppression of minority shareholders,

(iii)    to prevent mismanagement or misconduct on the part of the company's directors, or

(iv)   in the public interest.

(3)   An application for the appointment of a provisional liquidator may be made under subsection (1) by the company *ex -parte* on the grounds that—

   (a)   the company is or is likely to become unable to pay its debts within the meaning of section 188; and

   (b)   the company intends to present a compromise or arrangement to its creditors.

(4)   A provisional liquidator has the rights and powers of a liquidator to the extent necessary to maintain the value of the assets owned or managed by the company or to carry out the functions for which he was appointed and the court may limit the powers of a provisional liquidator in such manner and at such times as it considers fit.

(5)   The remuneration of the provisional liquidator shall be fixed by the court from time to time on his application and the court shall in fixing such remuneration act in accordance with rules made under section 252.

(6)   The court—

   (a)   may, on the application of the provisional liquidator or of any person specified in subsection (2) or on its own motion, terminate the appointment of a provisional liquidator;

   (b)   if it has not previousl; terminated the appointment of a provisional liquidator under paragraph (a), terminates such appointment upon

      the court's determination of the application to appoint a liquidator; and

   (c)   on the termination of the appointment of a provisional liquidator, may give such directions or make such order with respect to the accounts of his administration, or to any other matters, as it considers appropriate.

## 200. Appointment of official liquidator.

(1)   For the purpose of conducting the proceedings in winding up a company and assisting the court therein, there may be appointed one or more than one person to be called an official liquidator or official liquidators; and the court may appoint to such office such person as it thinks fit, and if more persons than one are appointed to such office, the court shall declare whether any act hereby required or authorised to be done by the official liquidator is to be done by all or any of such persons.

(2)   If no liquidator is acting or a vacancy occurs by death, resignation or otherwise in the office of a liquidator appointed provisionally or otherwise the court may fill the vacancy on the application of any contributory or

creditor or, in the case of a company that carried on a regulated business, the relevant regulator.

(3) The court may also determine whether any and what security is to be given by an official liquidator on his appointment; and if no official liquidator is appointed, or during any vacancy in such office, all the property of the company shall be in the custody of the court.

(4) The liquidator shall, within the prescribed time convene—

    (a) a meeting of the company's creditors if the order was made on the grounds that the company is insolvent; or

    (b) a meeting of the company's contributories if the order was made on grounds other than insolvency, for the purpose of resolving any other matters which the liquidator puts before the meeting.

(5) The court may make an order dispensing with the need to convene a meeting under this section or extending the time within which it shall be convened.

## 201. Appointment of joint liquidators.

When two or more persons are appointed to the office of liquidator, either provisionally or as official liquidators, they shall be authorised to act jointly and severally, unless their powers are expressly limited by the order of the court.

## 202. Removal of official liquidators.

An official liquidator may be removed from office by order of the court made on the application of a creditor or contributory of the company, or where the company carried on a regulated business, the relevant regulator.

## 203. Qualifications of official liquidators.

(1) A foreign practitioner may be appointed to act jointly with a qualified insolvency practitioner.

(2) Official liquidators are officers of the court.

## 204. Remuneration of official liquidators.

(1) The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

(2) There shall be paid to the official liquidator such remuneration, by way of percentage or otherwise, that the court may direct acting in accordance with Rules made under section 252; and if more liquidators than one are appointed such remuneration shall be distributed amongst them in such proportions as the court directs.

Page - 16

(3)   Where in the course of the reasonable exercise of his functions as liquidator in relation to assets which the company in liquidation held upon a trust, expressed or otherwise, the liquidator—

    (a)   identifies or attempts to identify;

    (b)   recovers or attempts to recover;

    (c)   realizes or attempts to realize;

    (d)   protects or attempts to protect; or

    (e)   distributes such assets to the person or persons beneficially entitled,

the liquidator to the extent of such activities (or other activity in relation to such assets considered by the court to be beneficial to those entitled to them) shall be regarded as having acted in the administration of trust assets and the liquidator, subject to the approval of the court, shall be entitled to be indemnified out of those assets in respect of costs that are allocable to the said activities.

(4)   Where the court, approves the indemnification of a liquidator out of trust assets pursuant to subsection (3), it shall be done on such equitable basis as against the relevant assets as the court may direct.

(5)   For the avoidance of doubt, nothing in subsections (3) and (4) shall affect the principle of law that assets held by a company in trust for another person shall not be divisible in the liquidation of that company.

### 205. Duties, functions and powers of official liquidators.

(1)   The duties and functions of an official liquidator include—

    (a)   collecting, realizing and distributing the assets of the company to its creditors and, if there is a surplus, to the persons entitled to such assets in accordance with this Act; and

    (b)   investigating and reporting to the company's creditors and contributories upon the affairs of the company and the manner in which it has been wound up.

(2)   The liquidator shall, subject to this Act and the Rules, use his own discretion in undertaking his duties and a liquidator also has the other duties imposed by this Act and the Rules and such duties as may be imposed by the court.

(3)   The official liquidator has the powers necessary to carry out the duties and functions of a liquidator under this Act and may—

    (a)   with the sanction of the court, exercise any of the powers specified in Part I of the *Fourth Schedule*; and

    (b)   with or without that sanction, exercise any of the general powers specified in Part II of the *Fourth Schedule*.

(4)   The exercise by the liquidator of the powers conferred by this section is subject to the control of the court, and subject to subsection (6), any creditor or contributory may apply to the court with respect to the exercise or proposed exercise of such powers (hereinafter referred to as a "sanction application").

(5)   In the case of—

   (a)   a solvent company, a sanction application may only be made by a contributory and the creditors shall have no right to be heard;

   (b)   an insolvent company, a sanction application may only be made by a creditor and the contributories shall have no right to be heard; and

   (c)   a company whose solvency is doubtful, a sanction application may be made by both contributories and creditors and both contributories and creditors shall have a right to be heard.

(6)   For the purposes of this section and the *Fourth Schedule*, a person shall be treated as related to a company if—

   (a)   he acted for the company as a professional service provider;

   (b)   he is or was a shareholder or director of the company or of any other company in the same group as the company;

   (c)   he has a direct or indirect beneficial interest in the shares of the company; or

   (d)   he is a creditor or debtor of the company.

*General Powers of the court*

## 206.  Power to stay winding up.

(1)   The court may at any time after an order for winding up, on the application either of the liquidator or any creditor or contributory, and on proof to the satisfaction of the court that all proceedings in the winding up ought to be stayed, make an order staying the proceedings either all together or for a limited time, on such terms and conditions as the court thinks fit.

(2)   The court may at any time after the liquidation has commenced under section 211(c), but before the final meeting has been held as provided for in section 222, on the application of the liquidator accompanied by—

   (a)   a resolution stating that the company will not be wound up and setting out the reasons for such decision;

   (b)   proof of a recall notice published in the Gazette; and

   (c)   such other documents as the court may consider necessary,

make an order to recall the liquidation, place the company into active status and place the company back into good standing as it was prior to the commencement of liquidation under section 211(c), on such terms and conditions as the court thinks fit.

(3)    A company shall, within seven days of the making of an order under this section, forward a copy of the order to the Registrar who shall enter it in the records relating to the company.

### 207. Settlement of list of contributories.

(1)    The liquidator shall settle a list of contributories, if any, for which purpose he shall have power to adjust the rights of contributories amongst themselves.

(2)    In the case of a solvent liquidation of a company which has issued redeemable shares at prices based upon its net asset value from time to time, the liquidator shall have power to settle and, if necessary rectify the company's register of members, thereby adjusting the rights of members amongst themselves.

(3)    A contributory who is dissatisfied with the liquidator's determination may appeal to the court against such determination.

### 208. Power to make calls.

(1)    The court may, at any time after making a winding up order, and either before or after it has ascertained the sufficiency of the company's assets, make calls on all or any of the contributories for the time being settled on the list of the contributories—

   (a)    to the extent of their liability, for the payment of any money which the court considers necessary to satisfy the company's debts and liabilities and the expenses of winding up; and

   (b)    to the adjustment of the rights of the contributories among themselves, and make an order for payment of any call so made.

(2)    In making a call the court may take into consideration the probability that some of the contributories may partly or wholly fail to pay it.

### 209. Inspection of documents by creditors, etc.

(1)    At any time after making a winding up order the court may make such orders as it thinks fit for—

   (a)    the inspection of the company's documents by creditors and contributories; and

   (b)    the preparation of reports by the official liquidator and the provision of such reports to the company's creditors and contributories.

(2) A contributory shall be entitled to make an application under this section notwithstanding that the company is or may be insolvent and the court shall not refuse to make an order upon the application of a contributory merely by reason of the fact that the the company is or may be insolvent.

## 210. Meetings to ascertain wishes of creditors or contributories.

(1) The court shall, as to all matters relating to the winding up, have regard to the wishes of creditors or contributories and for that purpose it may direct reports to be prepared by the official liquidator and meetings of creditors or contributories to be summoned.

(2) If it considers it necessary to do so, the court may direct that separate meetings be held of different classes of creditors or contributories.

(3) Subject to Rules made under section 252, meetings may be requisitioned by creditors, if the company is insolvent, or by contributories if the company is solvent.

(4) The votes of creditors and contributories shall be counted by reference

to—

(a) the value of their debts, in the case of creditors;

(b) the number of votes, in the case of contributories whose shares carry voting rights under the articles of the company; and

(c) the par value of all the shares held, in the case of contributories whose shares do not carry votes under the articles of the company and, where there are no par value shares, the net asset value of the company shown.

### *Voluntary Winding up*

## 211. Circumstances in which a company may be wound up voluntarily.

A company incorporated and registered under this Act or an existing company may be wound up voluntarily—

(a) when the period, if any, fixed for the duration of the company by its memorandum or articles expires;

(b) if the event, if any, occurs, on the occurrence of which the memorandum or articles provide that the company is to be wound up;

(c) if the company resolves by resolution passed by a majority of not less than three-fourths of the members that it be wound up voluntarily; or

Page - 20

(d)   if the company resolves by resolution that it be wound up voluntarily because it is insolvent.

## 212. Commencement of voluntary winding up.

A voluntary winding up is deemed to commence—

(a)   at the time of the passing of the resolution for winding up; or

(b)   on the expiry of the period or the occurrence of the event specified in the company's memorandum or articles,

notwithstanding that a supervision order is subsequently made by the court.

## 213. Effect on business and status of the company.

(1)   In the case of a voluntary winding up, the company shall from the commencement of its winding up cease to carry on its business except so far as it may be beneficial for its winding up.

(2)   Notwithstanding anything to the contrary contained in the company's articles, its corporate state and powers shall continue until the company is dissolved.

## 214. Appointment of voluntary liquidator.

(1)   One or more liquidators shall be appointed by resolution of the company for the purpose of winding up the company's affairs and distributing its assets.

(2)   When the winding up has commenced in accordance with the company's memorandum or articles upon the termination of a fixed period or the occurrence of an event—

(a)   the persons designated as liquidators in the memorandum or articles shall become such liquidators automatically from the commencement of the winding up; or

(b)   if no such person is designated in the memorandum or articles or the person designated is unable or unwilling to act, the directors shall convene a general meeting of the company for the purpose of appointing a liquidator.

(3)   Except in the case of a person designated as liquidator in the company's memorandum or articles, the appointment of a voluntary liquidator shall take effect upon the filing with the Registrar of his consent to act.

(4)   If no liquidator is acting or a vacancy occurs by death, resignation or otherwise in the office of voluntary liquidator appointed by the company—

(a)   the company in a general meeting may fill the vacancy; or

(b)    the court may fill the vacancy on the application of any contributory or creditor.

(5)    On the appointment of a voluntary liquidator all the powers of the directors cease, except so far as the company in a general meeting or the liquidator sanctions their continuance.

(6)    When two or more persons are appointed as voluntary liquidators jointly, they shall be authorised to act jointly and severally unless their powers are expressly limited by the resolution or articles under which they are appointed.

(7)    Subject to this Act and the Rules, a voluntary liquidator shall, without the approval of the court, have the same duties, functions and powers of an official liquidator.

## 215.  Qualifications of voluntary liquidators.

Any person, including a director or officer of the company, may be appointed as its voluntary liquidator.

## 216.  Removal of voluntary liquidators.

(1)    A voluntary liquidator may be removed from office by a resolution passed by a general meeting of the company convened especially for that purpose.

(2)    A general meeting of the company for the purpose of considering a resolution to remove its voluntary liquidator may be convened by any shareholder or shareholders holding not less than one fifth of the company's issued share capital.

(3)    Whether or not a general meeting has been convened in accordance with subsection (2), any contributory may apply to the court for an order that a voluntary liquidator be removed from office on the grounds that he is not a fit and proper person to hold office.

## 217.  Resignation of voluntary liquidator.

(1)    Where two or more persons are appointed as joint voluntary liquidators, they may resign by filing a notice of resignation with the Registrar, so long as at least one of them continues in office.

(2)    Except as provided in subsection (1), a voluntary liquidator wishing to resign shall—

(a)    prepare a report and accounts; and

(b)    convene a general meeting of the company for the purpose of accepting his resignation and releasing him from the performance

> of any further duties, and shall cease to hold office with effect from
> the date upon which the resolution is passed.

(3)   In the event that the company fails to pass a resolution accepting his
resignation, the voluntary liquidator may apply to the court for an order
that he be released from the performance of any further duties.

### 218. Notice of voluntary winding up.

(1)   Within twenty–eight days of the commencement of a voluntary winding
up, the liquidator or, in the absence of any liquidator, the directors shall—

(a)   file notice of the winding up with the Registrar;

(b)   file the liquidator's consent to act with the Registrar;

(c)   file the director's declaration of solvency with the Registrar (if the
supervision of the court is not sought);

(d)   in the case of a company carrying on a regulated business, serve
notice of the winding up upon the relevant regulator; and

(e)   publish notice of the winding up in the Gazette.

(2)   A director or liquidator who fails to comply with this section shall be
liable to a civil penalty.

### 219. Application for supervision order.

(1)   Where a company is being wound up voluntarily its liquidator shall apply
to the court for an order that the liquidation continue under the supervision
of the court unless, within the prescribed time, the directors have signed a
declaration of solvency in the prescribed form in accordance with
subsection (2).

(2)   A declaration of solvency means a voluntary declaration or affidavit in the
prescribed form to the effect that a full enquiry into the company's affairs
has been made and that to the best of the directors' knowledge and belief
the company will be able to pay its debts in full together with interest at
the prescribed rate, within such period, not exceeding twelve months from
the commencement of the winding up, as may be specified in the
declaration.

(3)   Whoever knowingly makes a declaration under this section without
having reasonable grounds for the opinion that the company will be able
to pay its debts in full, together with interest at the prescribed rate, within
the period specified is guilty of an offence.

**220. Avoidance of share transfers.**

Notwithstanding section 232, any transfer of shares, not being a transfer with the sanction of the liquidator, and any alteration in the status of the company's members made after the commencement of a voluntary winding up is void.

**221. General meeting at year's end.**

(1)   In the event of a voluntary winding up continuing for more than one year, the liquidators shall summon a general meeting of the company at the end of the first year from the commencement of the winding up and at the end of each succeeding year and such meetings shall be held within three months of each anniversary of the commencement of the liquidation.

(2)   At each meeting the liquidator shall lay before the meeting a report and account of his acts and dealings and the conduct of the winding up during the preceding year.

(3)   A liquidator who fails to comply with this section shall be liable to a civil penalty.

**222. Final meeting prior to dissolution.**

(1)   As soon as the company's affairs are fully wound up, the liquidator shall make a report and an account of the winding up showing how it has been conducted and how the company's property has been disposed off and thereupon shall call a general meeting of the company for the purpose of laying before it the account and giving an explanation for it.

(2)   At least twenty–one days before the meeting the liquidator shall send a notice specifying the time, place and object of the meeting to each contributory in any manner authorised by the company's articles and published in the Gazette.

(3)   The liquidator shall, no later than seven days after the meeting, make a return to the Registrar in the prescribed form specifying—

(a)   the date upon which the meeting was held; and

(b)   if a quorum was present, particulars of the resolutions, if any, passed at the meeting.

(4)   A liquidator who fails to call a general meeting of the company as required by subsection (1) or fails to make a return as required by subsection (3) shall be liable to a civil penalty.

**223. Reference of questions to court.**

(1)   The voluntary liquidator or any contributory may apply to the court to determine any question arising in the voluntary winding up of a company or to exercise, as respects the enforcing of calls or any other matter, all or

Page - 24

any of the powers which the court might exercise if the company were being wound up under the supervision of the court.

(2)   The court, if satisfied that the determination of the question or the required exercise of power will be just and beneficial, may accede wholly or partly to the application on such terms and conditions as it thinks fit, or make such other order on the application as it thinks just.

(3)   The voluntary liquidator shall, within seven days of the making of an order under this section, forward a copy of the order to the Registrar who shall enter it in the records relating to the company.

### 224. Expenses of voluntary winding up.

(1)   The expenses properly incurred in the winding up, including the remuneration of the liquidator, are payable out of the company's assets in priority to all other claims.

(2)   The rate and amount of the liquidator's remuneration shall be fixed and payment authorised by resolution of the company.

(3)   Each report and account laid before the company in general meetings by its liquidator shall contain all such information, including the rate at which the liquidator's remuneration is calculated and particulars of the work done, as may be necessary to enable the members to determine what expenses have been properly incurred and what remuneration is properly payable to the liquidator.

(4)   If the company fails to approve the liquidator's remuneration and expenses or the liquidator is dissatisfied with the decision of the company, he may apply to the court which shall fix the rate and amount of his remuneration and expenses.

*Winding up Subject to the Supervision of the court*

### 225. Application for supervision order.

When a resolution has been passed by a company to wind up voluntarily, the liquidator or any contributory or creditor may apply to the court for an order for the continuation of the winding up under the supervision of the court notwithstanding that the declaration of solvency has been made in accordance with section 219, on the grounds that—

(a)   the company is or is likely to become insolvent; or

(b)   the supervision of the court will facilitate a more effective, economic or expeditious liquidation of the company in the interests of the contributories and creditors.

**226. Appointment of official liquidator under a supervision order.**

(1)   When making a supervision order the court—

    (a)   shall appoint one or more qualified insolvency practitioners; and

    (b)   may, in addition, appoint one or more foreign practitioners,

as liquidator or liquidators of the company and section 200 shall apply as if the court had made a winding up order.

(2)   Unless a voluntary liquidator is appointed as an official liquidator, he shall prepare a final report and accounts within twenty–eight days   from   the date of the supervision order.

**227. Effect of supervision order.**

A supervision order shall take effect for all purposes as if it were an order that the company would be wound up by the court except that—

    (a)   the liquidation commenced in accordance with section 212; and

    (b)   the prior actions of the voluntary liquidator shall be valid and binding upon the company and its official liquidator.

*Offences of Fraud, etc.*

**228. Fraud, etc. in anticipation of winding up.**

(1)   Where a company is ordered to be wound up by the court, or passes a resolution for voluntary winding up, any person, who is or was an officer, professional service provider, voluntary liquidator or receiver of the company and who, within the twelve months immediately preceding the commencement of the winding up, has—

    (a)   concealed any part of the company's property to the value of ten thousand dollars or more or concealed any debt due to or from the company;

    (b)   removed any part of the company's property to the value of ten thousand dollars or more;

    (c)   concealed, destroyed, mutilated or falsified any documents affecting or relating to the company's property or affairs;

    (d)   made any false entry in any documents affecting or relating to the company's property or affairs;

    (e)   parted with, altered or made any omission in any document affecting or relating to the company's property or affairs; or

    (f)   pawned, pledged or disposed of any property of the company which has been obtained on credit and has not been paid for (unless the

pawning, pledging or disposal was in the ordinary way of the company's business),

with intent to defraud the company's creditors or contributories is guilty of an offence and liable on summary conviction to a fine of twenty thousand dollars or to imprisonment for five years or to both.

(2)  In this section, **"officer"** includes a shadow director.

## 229. Transactions in fraud of creditors.

(1)  Where a company is ordered to be wound up by the court or passes a resolution for voluntary winding up, any officer or professional service provider of the company who—

    (a)  has made or caused to be made any gift or transfer of, or charge on, or has caused or connived at the levying of any execution against, the company's property; or

    (b)  has concealed or removed any part of the company's property,

with intent to defraud the company's creditors or contributories is guilty of an offence and liable on summary conviction to a fine of twenty thousand dollars or to imprisonment for five years or to both.

(2)  In this section, **"officer"** includes a shadow director.

## 230. Misconduct in course of winding up.

(1)  Where a company is being wound up, whether by the court or voluntarily, whoever is or was a director, officer or professional service provider of the company and who—

    (a)  does not to the best of his knowledge and belief fully and truly disclose to the liquidator—

        (i)  all the company's property (except such part as has been disposed of in the ordinary way of the company's business),

        (ii)  the date on which and manner in which the company's property or any part thereof was disposed of, if it was disposed of,

        (iii)  the persons to whom any property was transferred, if it was disposed of, or

        (iv)  the consideration paid for any property which was disposed of;

    (b)  does not deliver up to the liquidator or does not deliver up in accordance with the directions of the liquidator any of the company's property which is in his custody or under his control, and which he is required by law to deliver up;

Page - 27

(c)    does not deliver up to the liquidator or does not deliver up, in accordance with the directions of the liquidator, all documents in his custody or under his control which belong to the company and which he is required by law to deliver up;

(d)    knows or believes that a false debt has been proved by any person in the winding up and fails to inform the liquidator of such knowledge or belief as soon as practicable;

(e)    prevents the production of any document affecting or relating to the company's property or affairs; or

(f)    destroys, mutilates, alters or falsifies any books, papers or securities, or makes or is privy to the making of any false of fraudulent entry in any register, book of account or document belonging to the company,

with intent to defraud the company's creditors or contributories is guilty of an offence and liable on conviction on information to a fine of fifty thousand dollars or to imprisonment for five years or both or on summary conviction to a fine of twenty thousand dollars or to imprisonment for two years or both.

(2)    It shall be a defence—

(a)    for a person charged under paragraphs (a), (b), (c), (d) or (f) of subsection (1) to prove that he had no intent to defraud; and

(b)    for a person charged under  paragraph (e) of subsection (1) to prove that he had no intent to conceal the state of affairs of the company or to defeat the law.

(3)    In this section, **"officer"** includes a shadow director.

### 231. Material omissions from statement relating to company's affairs.

(1)    Where a company is being wound up, whether by the court or voluntarily, whoever is or was a director, an officer, a manager or professional service provider of the company, is guilty of an offence if he makes any material omission in any statement relating to the company's affairs, with intent to defraud the company's creditors or contributories.

(2)    Whoever is guilty of an offence under subsection (1) is liable on summary conviction to a fine of twenty thousand dollars or to imprisonment for five years,  or to both.

(3)    In this section, **"officer"** includes a shadow director.

*General Provisions*

**232. Other effects of winding up.**

(1) Subject to sections 214, 220 and 238, with effect from the commencement of the liquidation of a company—

   (a) the liquidator has custody and control of the assets of the company;

   (b) the directors and other officers of the company remain in office, but they cease to have any duties, functions or powers other than those required or permitted under this Part;

   (c) unless the court otherwise orders, no share in the company may be transferred;

   (d) no alteration may be made in the status of or to the rights or liabilities of a member, whether by an amendment of the memorandum or articles or otherwise;

   (e) no member may exercise any power under the memorandum or articles, or otherwise, except for the purposes of this Act;

   (f) no amendment may be made to the memorandum or articles of the company;

   (g) any share capital (whether limited by guarantee or divided into shares) that may not have been called upon shall be deemed to be an asset of the company, and to be a speciality debt due from each member to the company to the extent of any sums that may be unpaid on any shares held by him, and payable at such time as may be appointed by the liquidator.

(2) Any thing or matter done or purported to be done in contravention of subsection (1) is void and of no effect.

**233. Rescission of contracts by the court.**

(1) On the application of a person who is, as against the liquidator of a company, entitled to the benefit or subject to the burden of a contract made with the company, the court may make an order rescinding the contract on such terms as to payment by or to either party of damages for the non-performance of the contract, or otherwise as the court considers just.

(2) Any damages payable to a person under an order made under subsection (1) may be claimed by him as a debt in the liquidation of the company.

**234. Getting in the company's property and disclaimer.**

(1) Where any person has in his possession any property or document to which the company appears to be entitled, the court may require that

Page - 29

person to pay, transfer or deliver such property or document to the official liquidator.

(2) Where the official liquidator seizes or disposes of any property which he reasonably believed belonged to the company, he shall not be personally liable for any loss or damage caused to its true owner except in so far as such loss or damage is caused by his own negligence.

(3) With leave of the court, a liquidator of the company may disclaim any onerous property of the company even though he has taken possession of it, tried to sell or assign it or otherwise exercised the rights of ownership in relation to it in accordance to rules made under section 252 by the Liquidation Rules Committee.

### 235. Provable debts.

(1) All debts payable on a contingency and all claims against the company whether present or future, certain or contingent, ascertained or sounding only in damages, shall be admissible to proof against the company and the official liquidator shall make a just estimate so far as is possible of the value of all such debts or claims as may be subject to any contingency or sound only in damages or which for some other reason do not bear a certain value.

(2) Foreign taxes, fines and penalties shall be admissible to proof against the company only if and to the extent that a judgment in respect of the same would be enforceable against the company pursuant to the Reciprocal Enforcement of Judgments Act, *Ch. 77* or any laws permitting the enforcement of foreign taxes, fines and penalties.

### 236. Distribution of the company's property.

(1) Subject to subsection (2), the property of the company shall be applied in satisfaction of its liabilities pari passu and subject thereto shall be distributed amongst the members according to their rights and interests in the company.

(2) The collection in and application of the property of the company referred to in subsection (1) is without prejudice to and after taking into account and giving effect to the rights of preferred and secured creditors and to any agreement between the company and any creditors that the claims of such creditors shall be subordinated or otherwise deferred to the claims of any other creditors and to any contractual rights of set–off or netting of claims between the company and any person or persons (including without limitation any bilateral or any multi–lateral set–off or netting arrangements between the company and any person or persons) and subject to any agreement between the company and any person or persons to waive or limit the same.

(3)   In the absence of any contractual right of set–off or non set–off, an account shall be taken of what is due from each party to the other in respect of their mutual dealings, and the sums due from one party shall be set–off against the sums due from the other.

(4)   Sums due from the company to another party shall not be included in the account taken under subsection (3) if that other party had notice at the time they became due that a petition for the winding up of the company was pending.

(5)   Only the balance, if any, of the account taken under subsection (3) shall be provable in the liquidation or, as the case may be, payable to the liquidator as part of the assets.

## 237.  Preferential debts.

(1)   Notwithstanding anything contained in this Act, in a winding up there shall be paid in priority to all other debts—

   (a)   all rates, taxes, assessments or impositions imposed or made under the provisions of any Act, including sums due in respect of—

      (i)    duty and penalties payable under the Customs Management Act, *Ch. 293*;

      (ii)   fees payable under this Act;

      (iii)  duty and penalties payable under the Stamp Act, *Ch. 370*; and

      (iv)   licence fees payable under the regulatory laws,

      and having become due and payable within twelve months next before the relevant date;

   (b)   any sum due by the company to an employee, whether employed in The Bahamas or elsewhere, in respect of—

      (i)    salaries;

      (ii)   wages; and

      (iii)  gratuities,

      accrued due during the four months immediately preceding the commencement of the winding up;

   (c)   all wages of any workman or labourer in respect of services rendered to the company during two months before the relevant date;

   (d)   any sum due and payable by the company on behalf of an employee in respect of medical health insurance premiums or pension fund contributions;

   (e)   where a contract of employment has been terminated as a consequence of the company being wound up, any sum due by the company to any former employee in respect of—

Page - 31

        (i)    severance pay; and

        (ii)   earned vacation leave;

   (f)   unless the company is being wound up voluntarily merely for the purpose of reconstruction or of amalgamation with another company or unless the company has at the commencement of the winding up under a contract with insurers with rights capable of being transferred to and vested in the workmen, all amounts due in respect of personal injury to workmen accrued before the relevant date.

(2)   The debts referred to in subsection (1)—

   (a)   rank equally among themselves and shall be paid in full, unless the assets are insufficient to meet them, in which case they shall abate in equal proportions; and

   (b)   so far as the assets of the company available for payment of general creditors are insufficient to meet them, have priority over the claims of holders of debentures under any floating charge created by the company, and be paid accordingly out of any property comprised in or subject to that charge.

(3)   Subject to the retention of such sums as may be necessary for the costs and expenses of the winding up, the debts referred to in subsection (1) shall be discharged so far as the assets are sufficient to meet them.

(4)   Where any payment on account of salary or wages has been made to any employee, workman or labourer in the employment of a company out of money advanced by some person for that purpose, that person shall in a winding up have a right of priority in respect of the money so advanced and paid up to the amount by which the sum in respect of which that employee, workman or labourer would have been entitled to priority in the winding up has been diminished by reason of the payment having been made.

(5)   In the event of a landlord or other person distraining of having distrained on any goods or effects of the company within three months next before the date of a winding order, the debts to which priority is given by this section shall be a first charge on the goods or effects so distrained on or the proceeds of the sale thereof; but in respect of any money paid under any such charge, the landlord or other person shall have the same rights of priority as the person to whom the payment is made.

(6)   In any case in which it appears that there are numerous claims for wages by workmen and labourers employed by the company, it shall be sufficient if one proof for all such claims is made by some person on behalf of all such creditors; and such proof shall have annexed thereto as forming part thereof, a schedule specifying the names of the workmen and labourers, and the amounts severally due to them.

(7)    Any proof made in compliance with subsection (6) has the same effect as if separate proofs had been made by each workman and labourer.

(8)    In this section the expression "**relevant date**"means—

    (a)    in the case of a company ordered to be wound up compulsorily which had not previously commenced to be wound up voluntarily, the date of the winding up order; and

    (b)    in any other case, the date of the commencement of the winding up.

### 238. Secured creditors.

(1)    Notwithstanding section 232 or that a winding up order has been made, a creditor who has security over the whole or part of the assets of a company is entitled to enforce his security without the leave of the court and without reference to the liquidator.

(2)    Where the liquidator sells assets on behalf of a secured creditor, he is entitled to deduct from the proceeds of sale a sum by way of remuneration equivalent to that which is or would be payable under section 204.

### 239. Preferential charge on goods distrained.

In the event of a landlord or other person entitled to receive rent distraining or having distrained on any goods or effects of the company within three months preceding the date of the winding up order, the debts to which priority is given by section 237 shall be a first charge on the goods or effects so distrained on or the proceeds of sale thereof.

### 240. Effect of execution or attachment.

(1)    Where a creditor has issued execution against the goods or land of a company or has attached any debt due to it, and the company is subsequently wound up, he is not entitled to retain the benefit of the execution or attachment against the liquidator unless he has completed the execution or attachment before the commencement of the winding up.

(2)    Notwithstanding subsection (1)—

    (a)    where a creditor has had notice of a meeting having been called at which a resolution for voluntary winding up is to be proposed, the date on which he had notice is substituted for the purpose of subsection (1) for the date of commencement of the winding up;

    (b)    a person who purchases in good faith under a sale by the bailiff any goods of a company on which execution has been levied in all cases acquires a good title to them against the liquidator; and

    (c)    the rights conferred by subsection (1) on the liquidator may be set aside by the court in favour of the creditor to such extent and subject to such terms as the court thinks fit.

Page - 33

(3)   For the purposes of this Act—

    (a)   an execution against goods is completed by seizure and sale;

    (b)   an execution against securities is completed upon making a charging order absolute; and

    (c)   an attachment of a debt is completed by receipt of the debt.

### 241. Voidable preference.

Every conveyance or transfer of property, or charge thereon, and every payment obligation and judicial proceeding, made, incurred, taken or suffered by any company in favour of any creditor at a time when the company is unable to pay its debts within the meaning of section 188 with a view to giving such creditor a preference over the other creditors shall be invalid if made, incurred, taken or suffered within six months immediately preceding the commencement of a liquidation.

### 242. Avoidance of dispositions made at an undervalue.

(1)   In this section and section 243—

    **"disposition"** means every form of conveyance, transfer, assignment, lease, mortgage, pledge or other transaction by which any legal or equitable interest in property is created, transferred or extinguished;

    **"intent to defraud"** means an intention to wilfully defeat an obligation owed to a creditor;

    **"obligation"** means an obligation or liability (which includes a contingent liability) which existed on or prior to the date of the relevant disposition;

    **"transferee"** means the person to whom a relevant disposition is made and shall include any successor in title;

    **"undervalue"** in relation to a disposition of a company's property

    means—

        (a)   the provision of no consideration for the disposition; or

        (b)   a consideration for the disposition the value of which in money or monies worth is significantly less than the value of the property which is the subject of the disposition.

(2)   Every disposition of property made at an undervalue by or on behalf of a company with intent to defraud its creditors shall be voidable at the instance of its official liquidator.

(3)   The burden of establishing an intent to defraud for the purposes of this section shall be upon the official liquidator.

(4) No action or proceedings shall be commenced by an official liquidator under this section more than two years after the date of the relevant disposition.

(5) In the event that any disposition is set aside under this section, then if the court is satisfied that the transferee has not acted in bad faith—

    (a) the transferee shall have a first and paramount charge over the property, the subject of the disposition, of an amount equal to the entire costs properly incurred by the transferee in the defence of the action or proceedings; and

    (b) the relevant disposition shall be set aside subject to the proper fees, costs, pre–existing rights, claims and interests of the transferee (and of any predecessor transferee who has not acted in bad faith).

### 243. Fraudulent trading.

(1) On the application of the liquidator of a company, the court may make an order under subsection (2) where it is satisfied that, at any time before the commencement of the winding up of the company, any of its business has been carried on—

    (a) with intent to defraud creditors of the company or creditors of any other person; or

    (b) for any fraudulent purpose.

(2) Where subsection (1) applies, the court may declare that any person who was knowingly a party to the carrying on of the business in such manner is liable to make such contribution, if any, to the company's assets as the court considers proper.

### 244. Insolvent trading.

(1) On the application of the liquidator of a company, the court may make an order under subsection (2) against a person who is or has been a director of the company if it is satisfied that—

    (a) at any time before the commencement of the winding up of the company, that person knew or ought to have concluded that there was no reasonable prospect that the company would avoid being wound up by reason of insolvency; and

    (b) he was a director of the company at that time.

(2) Subject to subsection (3), where subsection (1) applies, the court may order that that the person concerned makes such contribution, if any, to the company's assets as the court considers proper.

(3) The court shall not make an order against a person under subsection (2) if it is satisfied that after he first knew, or ought to have concluded, that there was no reasonable prospect that the company would avoid being

Page - 35

wound up by reason of insolvency, he took every step reasonably open to him to minimise the loss to the company's creditors.

(4)   For the purposes of subsections (1) and (3), the facts which a director of a company ought to know or ascertain, the conclusions which he ought to reach and the steps reasonably open to him which he ought to take are those which would be known or ascertained, or reached or taken, by a reasonably diligent person having both—

    (a)   the general knowledge, skill and experience that may reasonably be expected of a person carrying out the same functions as are carried out by that director in relation to the company; and

    (b)   the general knowledge, skill and experience that that director has.

(5)   The reference in subsection (4) to the functions carried out in relation to a company by a director of the company includes any function which he does not carry out but which have been entrusted to him.

(6)   Nothing in this section affects section 243.

(7)   In this section **"officer"** includes a shadow director.

### 245.   Supply of utilities.

(1)   If a request is made by or with the concurrence of the liquidator (including a provisional liquidator) for the giving, after the effective date, of any of the supplies mentioned in subsection (2), the supplier—

    (a)   may make it a condition of the giving of the supply that the liquidator personally guarantees the payment of any charges in respect of the supply; but

    (b)   shall not make it a condition of the giving of the supply, or do anything which has the effect of making it a condition of the giving of the supply, that any outstanding charges in respect of a supply given to the company before the effective date are paid.

(2)   The supplies referred to in subsection (1) are supplies of—

    (a)   electricity;

    (b)   water;

    (c)   telecommunication services;

    (d)   cable services; and

    (e)   any other utilities.

(3)   In this section, **"effective date"** means—

    (a)   the date on which the provisional liquidator was appointed; or

    (b)   the date on which the winding up order was made.

### 246. Currency of the liquidation.

(1) In the case of a solvent liquidation, a company's creditors are entitled to receive payment of their debts in the currency of the obligation.

(2) In the case of a liquidation by reason of insolvency, a company's liabilities shall be translated into the functional currency of the company at the exchange rates ruling—

    (a) on the date of the commencement of the voluntary liquidation; or

    (b) on the day upon which the winding up order is made.

(3) For the purposes of this section the functional currency of a company is the currency of the primary economic environment in which it operated as at the commencement of the liquidation.

### 247. Additional Powers of the Court.

(1) Any powers conferred on the court by this Act shall be deemed to be in addition to and not in restriction of any other powers subsisting of instituting proceedings against any contributory, or the estate of any contributory, or against any debtor of the company for the recovery of any call or other sums due from such contributory, or debtor, or his estate, and such proceedings may be instituted accordingly.

(2) The court may examine upon oath, either orally or upon written interrogatories, any person appearing or brought before it concerning the affairs, dealings, estate or effects of the company, and may reduce into writing the answers of every such person, and require him to subscribe to same.

(3) All orders made by the court under this Act may be enforced in the same manner in which orders of such court made in any suit pending therein may be enforced.

*Dissolution of a Company*

### 248. Dissolution following voluntary winding up.

(1) The Registrar shall, within three days of receiving a liquidator's return under section 222(3), register such return.

(2) Upon the expiration of three months from the registration of the return the company is deemed to be dissolved.

(3) Notwithstanding subsection (2), the court may, on the application of the liquidator or any other person who appears to the court to be interested, make an order deferring the date at which the dissolution of the company is to take effect to such date as the court thinks fit.

(4) An application under this section shall not be made after the company is deemed to have been dissolved.

(5) An order of the court made under this section shall be registered with the Registrar within seven days of the date upon which it was made.

### 249. Dissolution following winding up by the court.

(1) When the affairs of the company have been completely wound up, the court shall make an order that the company be dissolved from the date of that order or such other date as the court thinks fit, and the company shall be dissolved accordingly.

(2) The effect of an order for dissolution in respect of a segregated portfolio is that its creditors' claims against the company shall be extinguished, notwithstanding that the company has not been liquidated and dissolved.

(3) The official liquidator shall file the order for dissolution with the Registrar.

(4) An official liquidator who fails to file the order for dissolution with the Registrar within fourteen days from the date upon which it was perfected, shall be liable to a civil penalty.

### 250. Unclaimed dividends and undistributed assets.

(1) Any unclaimed dividends or undistributed assets in the possession or control of the liquidator or former liquidator of a company shall be held by him as trustee upon trust for the benefit of the contributories or creditors to whom such funds are owed.

(2) At the end of one year after the dissolution of the company, the former liquidator shall transfer any funds or other assets held on trust by him to the Treasurer.

*Liquidation Rules and Regulations*

### 251. Liquidation Rules Committee.

(1) There shall be established a Liquidation Rules Committee comprising—
   (a) the Chief Justice or other judge nominated by the Chief Justice in his place who shall be chairman;
   (b) the Attorney–General or his nominee;
   (c) the legal practitioner members of the Supreme Court Rules Committee;

(d)     a qualified insolvency practitioner appointed by the Chief Justice upon the recommendation of The Bahamas Institute of Chartered Accountants; and

(e)     a person appointed by the Chief Justice who, in his opinion, demonstrates a wide knowledge of law, finance, financial regulation or insolvency practice.

(2)     The quorum of the Liquidation Rules Committee shall be the chairman and three other members of the Committee; and the chairman shall have a casting vote.

### 252. Powers of the Liquidation Rules Committee.

(1)     The Liquidation Rules Committee shall have power—

(a)     to make rules and prescribe forms for the purpose of giving effect to Parts VII and VIIA;

(b)     to prescribe court fees to be paid in connection with—

      (i)     winding up proceedings under Part VII, and

      (ii)     applications under Part VIIA;

(c)     to make rules for the purpose of specifying—

      (i)     the qualifications which must be held by a person appointed to the office of official liquidator,

      (ii)     persons who are disqualified from holding office as official liquidator either generally or in relation to a particular company which is not in liquidation before the court,

      (iii)     the nature and scope of professional indemnity insurance, if any, required to be held by persons appointed to the office of official liquidators,

      (iv)     the nature and scope of security bonds, if any, required to be posted by persons appointed to the office of official liquidator; and

      (v)     the nature, scope and procedure regarding the indemnification of a liquidator out of trust assets pursuant section 204(3) and (4);

(d)     to make rules for the purpose of—

      (i)     establishing the procedure for disclaimer by the liquidator of onerous property;

      (ii)     providing for the rights of persons affected;

      (iii)     providing for the effect of disclaimer; and

      for connected purposes;

(e)     to make rules relating to the termination and completion of a winding up.

(2)   The Liquidation Rules Committee, after consultation with regulators and
with any organisation representing insolvency practitioners in The
Bahamas shall make rules prescribing the rates of fees which may be
charged by an official liquidator.".

## 3.   Amendment of the principal Act.

The principal Act is amended by the insertion after Part VII of the following—

# "PART VIIA"

## INTERNATIONAL CO-OPERATION

### 253.   Definitions.

In this Part—

"debtor" means a foreign corporation or other foreign legal entity subject
to a foreign proceeding in the country in which it is incorporated or
established;

"foreign proceeding" means a judicial or administrative proceeding in a
relevant foreign country, including an interim proceeding,
pursuant to a law relating to liquidation or insolvency in which
proceeding the property and affairs of the debtor are subject to
control or supervision by a foreign court, for the purpose of
reorganisation, rehabilitation, liquidation or bankruptcy of an
insolvent debtor;

"foreign representative" means a trustee, liquidator or other official
appointed in respect of a debtor for the purposes of a foreign
proceeding;

"relevant foreign country" means a country, territory, or jurisdiction
designated as a relevant foreign country in rules made under section
252 by the Liquidation Rules Committee for the purposes of this
Part.

### 254.   Ancillary orders.

(1)   Upon the application of a foreign representative the court may make
orders ancillary to a foreign proceeding for the purposes of—

(a)   recognising the right of a foreign representative to act in The
Bahamas on behalf of or in the name of a debtor and, in the court's
discretion, to do so jointly with a qualified insolvency practitioner;

(b)   enjoining the commencement or staying the continuation of legal
proceedings against a debtor;

Page - 40

    (c)    staying the enforcement of any judgment against a debtor;

    (d)    requiring a person in possession of information relating to the business or affairs of a debtor to be examined by and produce documents to its foreign representative;

    (e)    ordering the turnover to a foreign representative of any property belonging to a debtor; and

    (f)    granting such other relief as it considers appropriate.

(2)    An ancillary order may only be made under subsection (1)(d) against—

    (a)    the debtor itself; or

    (b)    a person who was or is a relevant person as defined in section 198(1).

(3)    An ancillary order shall not affect the right of a secured creditor to take possession of and realize or otherwise deal with property of the debtor over which the creditor has a security interest.

(4)    The court shall not make an ancillary order that is contrary to the public policy of The Bahamas.

### 255. Criteria upon which the court's discretion shall be exercised.

(1)    In determining whether to make an ancillary order under section 254, the court shall be guided by matters which will best assure an economic and expeditious administration of the debtor's estate, consistent with—

    (a)    the just treatment of all holders of claims against or interests in a debtor's estate wherever they may be domiciled;

    (b)    the protection of claim holders in The Bahamas against prejudice and inconvenience in the processing of claims in the foreign proceeding;

    (c)    the prevention of preferential or fraudulent dispositions of property comprised in the debtor's estate;

    (d)    the distribution of the debtor's estate amongst creditors substantially in accordance with the order prescribed by Part VII;

    (e)    the recognition and enforcement of security interests created by the debtor;

    (f)    the non–enforcement of foreign taxes, fines and penalties; and

    (g)    comity.

(2)    In the case of a debtor which is registered under section 174, the court shall not make an ancillary order under section 254 without also considering whether it should make a winding up order under Part VII in respect of its local branch.

### 256. Publication of foreign proceedings.

(1)  Where a company incorporated under Part II or registered under section 174 is made the subject of a foreign proceeding, notice of this fact shall be filed with the Registrar and published in the Gazette.

(2)  The notice shall contain the prescribed particulars and shall be filed by the company's liquidator or, if no liquidator has been appointed under this Act, by its directors within fourteen days of the date upon which the foreign proceeding commenced.

(3)  A liquidator or a director who fails to comply with this section is guilty of an offence and liable on summary conviction to a fine of ten thousand dollars.".

### 4.   Amendment of section 286 of the Principal Act.

Section 286(1) (a) of the principal Act is amended as follows—

(a)  by the deletion of the word "or" and the insertion of a "comma";

(b)  by the deletion of the "semi-colon" and the insertion of a "comma"; and

(c)  by the insertion, immediately after the comma, of the numbers "196 (7), 218(2), 221(3), 222(4) or 249(4);".

### 5.   Repeal of sections 295 and 296 of the Principal Act.

Sections 295 and 296 of the principal act are repealed.

### 6.   Amendment of the principal Act.

The principal Act is amended by renumbering the *Fourth Schedule* as the *Fifth Schedule* and by the insertion after the *Third Schedule* of the following—

# "FOURTH SCHEDULE

### (Section 205(3))

### Powers of liquidators

### Part I–Powers exercisable with sanction

1.   Power to bring or defend any action or other legal proceeding in the name and on behalf of the company.

2.   Power to carry on the business of the company so far as may be necessary for its beneficial winding up.

Page - 42

3.      Power to dispose of any property of the company to a person who is or was related to the company.

4.      Power to pay any class of creditors in full.

5.      Power to make any compromise or arrangement with creditors or persons claiming to be creditors or having or alleging themselves to have any claim (present or future, certain or contingent, ascertained or sounding only in damages) against the company or for which the company may be rendered liable.

6.      Power to compromise on such terms as may be agreed all debts and liabilities capable of resulting in debts, and all claims (present or future, certain or contingent, ascertained or sounding only in damages) subsisting, or supposed to subsist between the company and a contributory or alleged contributory or other debtor or person apprehending liability to the company.

7.      Power to deal with all questions in any way relating to or affecting the assets or the winding up of the company, to take any security for the discharge of any such call, debt, liability or claim and to give a complete discharge in respect of it.

8.      The power to sell any of the company's property by public auction or private contract with power to transfer the whole of it to any person or to sell the same in parcels.

9.      The power to raise or borrow money and grant securities therefor over the property of the company.

10.     Power to disclaim onerous property.

### Part II–Powers exercisable without sanction

1.      The power to take possession of, collect and get in the property of the company and for that purpose to take all such proceedings as he considers necessary.

2.      The power to do all acts and execute, in the name and on behalf of the company, all deeds, receipts and other documents and for that purpose to use, when necessary, the company seal.

3.      The power to prove, rank and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against his estate, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt or insolvent and rateably with the other separate creditors.

4.      The power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of the company, with the same effect in respect of the company's liability as if the bill or note had been drawn, accepted, made or endorsed by or on behalf of the company in the course of its business.

5.      The power to promote a scheme of arrangement pursuant to section 158.

6.      The power to convene meetings of creditors and contributories.

7.      The power to engage staff (whether or not as employees of the company) to assist him in the performance of his functions.

8.      The power to engage counsel and attorneys and other professionally qualified persons to assist him in the performance of his functions.

9.      The power to do all other things incidental to the exercise of his powers.".

## 7.      Savings and transitional.

(1)     All proceedings in respect of offences committed or alleged to have been committed against any written law repealed by this Act may be commenced or continued as if this Act had not come into force.

(2)     Every proceeding commenced under such a repealed written law may be continued and completed—

   (a)     if the proceeding has been wholly or partly heard, as if the written law repealed by the Act were still in force; and

   (b)     in other cases, as if the proceeding had been commenced under this Act.

(3)     Where, apart from this section, anything done under or for the purposes of the written law before the coming into force of this Act would cease to have effect by virtue of the repeal of any written law in force before the coming into force of this Act it shall have effect as if it had been done under and for the purposes of the corresponding provisions of this Act.

(4)     Where this Act requires anything to be done by a liquidator in the case of a winding up already subsisting at the commencement of this Act that was not required to be done under the repealed law, the time limited for performance of any such requirement shall not begin to run until after a period of forty-five days has elapsed following the commencement of this Act.