# EXHIBIT A

Warren E. Gluck, Esq.
Marie E. Larsen, Esq.
David W. Wirt (*Pro Hac Vice* Pending)
Jessica Magee (*Pro Hac Vice* Pending)
Shardul Desai (*Pro Hac Vice* Pending)
HOLLAND & KNIGHT LLP
31 W. 52nd Street
New York, NY 10019
Telephone: 212-513-3200
Fax: 212-385-9010
Warren.Gluck@hklaw.com
Marie.Larsen@hklaw.com
David.Wirt@hklaw.com
Jessica.Magee@hklaw.com
Shardul.Desai@hklaw.com
*Counsel for the Joint Provisional Liquidators of FTX
Digital Markets Ltd. (in Provisional Liquidation)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| FTX DIGITAL MARKETS LTD. (in Provisional Liquidation) | Case No. 22- 11516 (MEW) |
| Debtor in a Foreign Proceeding.[1] | |

**ORDER GRANTING PROVISIONAL RELIEF PENDING HEARING ON
PETITION FOR RECOGNITION AS A FOREIGN MAIN PROCEEDING
PURSUANT TO 11 U.S.C. §§ 105(a), 1519, AND 1521**

A hearing having been held before the United States Bankruptcy Court for the Southern District of New York on November __, 2022 (the "**Hearing**") to consider the Motion (the "**Motion**")[2] of Brian C. Simms, Kevin G Cambridge, and Peter Greaves , in their capacities as the

---

[1] FTX Digital Markets Ltd. (in Provisional Liquidation) was incorporated in the Commonwealth of The Bahamas as an International Business Company, registered number 207269B.
[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

duly appointed Joint Provisional Liquidators and foreign representatives ("**Joint Provisional Liquidators**") of FTX Digital Markets Ltd. (in Provisional Liquidation) ("**FTX Digital**" or the "**Debtor**"), the Debtor in the above-captioned Chapter 15 proceeding, with respect to a provisional liquidation in the Commonwealth of The Bahamas (the "**Bahamian Liquidation**") pursuant to the Companies (Winding Up Amendment) Act 2011 (the "**CWUA Act**"), seeking entry of an Order granting provisional relief pursuant to sections 105(a), 1519(a)(1) through (3), and 1521(a)(3) and (4) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**") in connection with the filing of the Official Form Petition and Verified Petition and exhibits thereto (together with the Official Form Petition, the "**Petition**") seeking recognition of the Bahamian Liquidation; and upon the Court's review and consideration of the Motion and the accompanying Declarations of Brian C. Simms executed on November 15, 2022 (the "**Simms Declaration**"), the Declaration of Sophia T. Rolle-Kapousouzoglou, dated November 15, 2022 (the "**STR Declaration**"), and the supplemental declaration of Brian C. Simms executed on November 16, 2022 (the "**Simms Supplemental Declaration**" and, together with the Simms Declaration and the STR Declaration, the "**Declarations**"); and it appearing that the relief requested in the Motion is necessary and beneficial to the Joint Provisional Liquidators and FTX Digital; and it appearing that any objections made to the Motion have been overruled or resolved; and it appearing that sufficient notice of the Motion and the hearing thereon having been given pursuant to rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and upon the record of the hearing in this matter; and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT**:[3]

---

[3] The findings and conclusions set forth herein and in the record of the hearing on the Motion constitute this Court's findings of facts and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the findings of fact herein constitute

2

A. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(b)(2)(P) and 1334 and the *Amended Standing Order of Reference to Bankruptcy Judges of the District Court for the Southern District of New York*, dated January 31, 2012;

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

C. This chapter 15 case has been commenced by the appointed Joint Provisional Liquidators as foreign representatives of the Debtor;

D. This Court has the authority to grant the provisional relief requested by the Motion (the "**Provisional Relief**") pursuant to 11 U.S.C. §§ 105(a), 1519, and 1521;

E. The Provisional Relief is urgently needed to enable the Joint Provisional Liquidators to protect and preserve the Debtor's assets for the benefit of its stakeholders, and to allow the Joint Provisional Liquidators to obtain accurate information regarding the Debtor's assets, affairs, rights, obligations and/or liabilities, through the examination of witnesses, and the taking of evidence or the delivery of information from persons and entities in the United States;

F. There is a substantial likelihood that the Joint Provisional Liquidators will be able to demonstrate that the Bahamian Liquidation is a foreign main proceeding pursuant to section 1517 of chapter 15 of the Bankruptcy Code, that the Joint Provisional Liquidators are the foreign representatives of FTX Digital pursuant to section 101(23) and 1502(4) of the Bankruptcy Code, and that the Joint Provisional Liquidators, in their capacities as foreign representatives of FTX Digital, are entitled to the protections afforded by sections 1520 and 1521 of the Bankruptcy Code;

G. The interest of the public will be served by this Court's entry of this Order;

H. There is a material risk that, absent the provisional relief granted herein, the Debtor will be faced with the prospect of a significant disruption to the Bahamian Liquidation, as the Joint

---

conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

Provisional Liquidators will be unable to perform their functions and take actions to prevent the execution, attachment and other forms of stay violation. Accordingly, the Provisional Relief is necessary to avoid immediate and irreparable harm to the foreign Debtor, and it is therefore necessary that the Court enter this Order;

  I. All creditors and parties in interest are sufficiently protected in the grant of relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code; and

  J. Appropriate, sufficient and timely notice of the filing of the Motion and the hearing has been given pursuant to Rule 2002(q) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

**BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CASE APPEARING THEREFORE IT IS HEREBY ORDERED:**

  1. Beginning on the date of entry of this Order and continuing until the date of the entry of an order of this Court regarding recognition of the Bahamian Liquidation as a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and the Joint Provisional Liquidators as "foreign representatives" as defined in section 101(24) of the Bankruptcy Code (unless otherwise extended pursuant to section 1519(b) of the Bankruptcy Code) (the "**Interim Period**"):

    a. The Joint Provisional Liquidators shall be the representatives of the Debtor with full authority to administer and realize, as applicable, the Debtor's assets and affairs in the United States;

    b. The Joint Provisional Liquidators shall have the rights and protections to which foreign representatives are entitled under chapter 15 of the Bankruptcy Code, including, but not limited to, the protections limiting the jurisdiction of United States Courts over a foreign representative in accordance with section 1510 of the Bankruptcy Code and the granting of additional relief in accordance with sections 1519(a)(3) and 1521 of the Bankruptcy Code;

    c. The Joint Provisional Liquidators, in connection with their appointment as the Debtor's joint provisional liquidators in the Bahamian Liquidation, and the Debtor

  are hereby granted the full protections and rights available pursuant to section 1519(a)(1)-(3);

d. The Joint Provisional Liquidators shall appear on behalf of Debtor in proceedings taking place in the United States;

e. To the fullest extent permitted by law, including, without limitation, section 1521(a)(3) of the Bankruptcy Code, the right of any person to transfer, encumber or otherwise dispose of any assets of the Debtor are hereby suspended during the Interim Period, *so long as such relief is not in violation of the automatic stay* presently applicable in relation to the filed matters captioned *FTX Trading Ltd.,* Case No. 22-11068 (JTD) (Bankr. D. Del.); and

f. To the fullest extent permitted by law, including, without limitation, sections 542(e), 1519(a)(3), and 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004, the Joint Provisional Liquidators are authorized to obtain information regarding the Debtor's assets and any other assets within the territorial jurisdiction of the United States in which the Joint Provisional Liquidators reasonably believe the Debtor has an interest or against which the Joint Provisional Liquidators reasonably believe the Debtor has a cognizable claim from U.S. persons and entities, in each case pending a decision on recognition of the Bahamian Liquidation as a foreign main proceeding, *so long as such relief is not in violation of the automatic stay* presently applicable in relation to the filed matters captioned *FTX Trading Ltd.,* Case No. 22-11068 (JTD) (Bankr. D. Del.),.

2. Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

3. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry, (ii) the Joint Provisional Liquidators are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Joint Provisional Liquidators are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order

4. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought

in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated:  November __, 2022
      New York, New York

                                                                            _____
                                                                            United States Bankruptcy Judge
                                                                            Southern District of New York