UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | Chapter 15 |
| FTX DIGITAL MARKETS LTD. | Case No. 22-11516 (MEW) |
| Debtor in a Foreign Proceeding.[1] | |

---

# SUPPLEMENTAL DECLARATION OF BRIAN CECIL SIMMS KC IN SUPPORT OF PETITION FOR RECOGNITION UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

I, Brian Cecil Simms KC, hereby declare under penalty of perjury under the laws of the United States as follows:

1.   I am a resident of The Bahamas.  I am a Senior Partner of the firm Lennox Paton and the head of the Litigation and Insolvency & Restructuring Groups.  Lennox Paton is a leading, full service commercial law firm located at 3 Bayside Executive Park, Nassau, N.P., The Bahamas.  I have been practicing law for over 30 years.  Throughout my career, I have appeared a number of times in the Privy Council.  I was made a Queen's Counsel in 2009 (now King's Counsel), and I have overseen some of the most substantial Bahamian and international offshore cases.

2.   Kevin G Cambridge, Peter Greaves, and I are the duly appointed joint provisional liquidators ("**Joint Provisional Liquidators**") of FTX Digital Markets LTD. (the "**FTX Digital**"), a company incorporated in the Commonwealth of The Bahamas and operating as a digital assets business under the Digital Assets and Registered Exchanges Act, 2020 (the "**DARE Act**").  FTX

---

[1] FTX Digital Markets LTD. a company incorporated in the Commonwealth of the Bahamas operating as a digital assets business under the Digital Assets and Registered Exchanges Act, 2020, with registration number 207269B.

Digital is a company within the meaning of the Companies (Winding Up Amendment) Act, 2011 ("**CWUA Act**") and is in provisional liquidation in the Commonwealth of The Bahamas (the "**Bahamian Liquidation**") pursuant to a Petition for Winding Up Order application by the Securities Commission of The Bahamas, and an Order for Appointment of Provisional Liquidator issued on November 10, 2022 by the Commercial Division of the Supreme Court of the Commonwealth of The Bahamas (the "**Bahamian Court**"), the sole Court with jurisdiction over FTX Digital and the entities operated from FTX Digital's substantial office complex in Nassau, Bahamas. A summary of the Bahamian Liquidation and the events leading to the filing of the above-captioned case is contained in the Petition and the Declarations.

3.  I respectfully submit this supplemental declaration (the "**Supplemental Declaration**") in support of the Joint Provisional Liquidator's *Emergency Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 105(a), 1519 and 1521* (the "**Motion**")[2] seeking, pursuant to Chapter 15 of the United States Bankruptcy Code, 11 U.S.C. § 1501, *et seq.* (the "**Bankruptcy Code**"), an Order: (i) staying execution against FTX Digital's assets; (ii) suspending the right to transfer, encumber or otherwise dispose of any assets of FTX Digital; (iii) entrusting the administration or realization of all or part of FTX Digital's assets located in the United States to the Joint Provisional Liquidators as foreign representatives; (iv) authorizing urgent discovery measures pursuant to 11 U.S.C. 1521(a)(4); and (v) authorizing the Joint Provisional Liquidator s to appear and be heard on the Debtor's behalf until the Court rules on the Petition.

4.  I am over the age of 18 and I am duly authorized to make this declaration acting in my capacity as one of the Joint Provisional Liquidators of FTX Digital. If called upon to testify, I could and would testify competently as to the facts set forth herein. Except as otherwise

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed in the Motion.

indicated, I make this Declaration based on the documents in my possession and supplied to me, on facts and matters that are known to me or of which I have been informed by others, and on my experience and training. When I am informed by others, the information is true to the best of my knowledge and belief, and I state the source of the information.

5. I have reviewed the Motion and it is my belief that the relief sought therein is necessary to implement the liquidation or restructuring contemplated in the Bahamian Liquidation.

6. I am informed by counsel that chapter 15 of the Bankruptcy Code includes provisions granting: (i) broad discovery rights to the foreign representative(s) upon recognition; (ii) the imposition of a stay preventing creditors from executing against assets of the Debtor; (iii) a suspension of the rights to transfer, encumber or otherwise dispose of assets of the Debtor; and (iv) authority to the 'foreign representative' to appear and be heard in United States court proceedings on a debtor's behalf. For the following reasons, each of these rights are critical to the orderly and effective liquidation of FTX Digital for the benefit of all creditors and stakeholders, as the primary assets and business practices of FTX Digital, and FTX Brand, among others, remains under investigation.

**A. The Joint Provisional Liquidators have a critical need to obtain discovery.**

7. At the most basic level, the Joint Provisional Liquidators are presently unable to ascertain FTX Digital's financial position, and its assets and liabilities more generally, nor do the Joint Provisional Liquidators have the totality of the information necessary to protect FTX Digital's assets. The authority to seek discovery requested in the Motion is critical to my ability to discover the full extent of FTX Digital's assets and financial situation so that I can work towards a full, efficient and equitable distribution of FTX Digital's assets to creditors in the Bahamian Liquidation.

8. Most importantly, digital assets can be readily exchanged for digital currencies and to others on the underlying blockchains throughout the United States and elsewhere, and these digital assets can be converted to fiat currency and deposited into bank accounts or other fiat-based financial accounts. Additionally, funds deposited into bank accounts could be dissipated through wire transfers. Thus, the requested discovery is essential because the Joint Provisional Liquidators cannot accurately trace assets and re-create the flow of FTX Digital assets without the ability to issue subpoenas. This may include the need to access information concerning digital asset accounts maintained by exchanges and/or fund transfers maintained by correspondent or intermediary banks.

9. Also, as discussed in the Petition and the Declarations, FTX cryptocurrencies were used by, at least one affiliate, Alameda Research Ltd. Thus, the Joint Provisional Liquidators will need to conduct discovery to determine whether FTX Digital holds claims against its affiliates based on intercompany transfers and to assess insider transactions.

10. United States records of FTX Digital and the FTX Brand are likely to be of critical importance to the Bahamian Liquidation for multiple reasons. For example, these documents could provide a clear picture of the reasons for the insolvency of FTX Digital, and allow the Joint Provisional Liquidators to make an informed judgment as to the potential third party claims available to FTX Digital, and to determine if FTX Digital holds additional, undisclosed assets.

11. The books and records will provide valuable insight into the financial machinations that led to the alleged dissipation of FTX Digital assets, at the expense of creditors. The discovery of these agreements and other financial documents will likely provide further insight into the financial engineering, which appears to have contributed to the insolvency of FTX Digital.

Accordingly, it is important that the Joint Provisional Liquidators be granted the authority to seek discovery.

**B. Creditors must be prevented from executing against FTX Digital's assets.**

12. We are in the early stages of what will likely be a lengthy wind down or restructuring process for FTX Digital. As discussed, at this juncture, the full scope and location of FTX Digital's assets, claims and liabilities are unknown. Accordingly, it is critical that the Court enter an order preventing creditors from executing on FTX Digital's assets for at least two reasons.

13. First, as discussed, at this time the full extent of FTX Digital's assets is unknown, and therefore it is possible that unscrupulous creditors may attempt to take advantage of this by executing on FTX Digital's assets before they become known to the Joint Provisional Liquidators.

14. Second, it is believed that FTX Digital is cash flow insolvent, and creditors may therefore receive something less than a 100% recovery on their claims against FTX Digital. Accordingly, an order preventing creditors from executing on assets now in an attempt to realize more than they would receive in the Bahamian Litigation is paramount.

15. It is my belief and opinion that an order of the Court preventing execution against the Debtor's assets will ameliorate the threat of dissipation of the Debtor's assets before they can be properly administered by the Joint Provisional Liquidators.

**C. The Court must suspend the transfer, encumbrance or disposition of the Debtor's assets.**

16. It is similarly important that the Court suspend the right to transfer, encumber or otherwise dispose of the Debtor's assets. As discussed, the Debtor's assets consist, in large part, of digital assets that can be exchanged for digital currencies and to others on the underlying blockchain and can be converted to fiat currency, making it harder to trace once transferred.

17. It is my belief that the longer holders of the Debtor's assets have the ability to transfer or dispose of it, the less likely it is that the Joint Provisional Liquidators will be able to recover said assets for distribution or for use in a restructuring in the Bahamian Liquidation.

18. Accordingly, I believe an order suspending the transfer, encumbrance or disposition of the Debtor's assets is key to the success of the Bahamian Liquidation.

### D. The Court should authorize the Joint Provisional Liquidators to appear on behalf of FTX Digital in proceedings in the United States.

19. It is also important that the Court authorize the Joint Provisional Liquidators to appear on behalf of FTX Digital in proceedings taking place in the United States pending a final ruling on the Petition. As discussed in the Motion, FTX Trading and the FTX Affiliates recently filed for bankruptcy in the Bankruptcy Court for the District of Delaware. Due to the close relationship between FTX Digital, on the one hand, and FTX Trading and the FTX Affiliates, on the other, I anticipate that there will be a need for the Joint Provisional Liquidators to appear and be heard in these cases in the near future. Additionally, there may be a need for the Joint Provisional Liquidators to appear and be heard in other proceedings in the United States related to FTX Digital of which I am yet unaware.

Pursuant to section 1746 of title 28 of the United States Code, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 16, 2022
Executed in Nassau, The Bahamas

_____
**BRIAN CECIL SIMMS KC**
*Joint Provisional Liquidator of FTX Digital Markets LTD.*